ANTON BENSON *v.* MAYOR AND COUNCIL OF WILMINGTON.

*Damages—Evidence—Municipal Corporations—Verdict.*

In an action on the case for damages to property, the plaintiff may recover for all damages sustained up to the time of judgment.

A paper produced at the trial of a cause and read from by one of the counsel without objection from the other side is supposed to be offered in evidence.

Counsel cannot read from the ordinances of the City of Wilmington after both sides have closed their evidence, said ordinances not having been offered in evidence at the proper time.

A municipal corporation having charge of the public streets is liable for damages to the property of a citizen resulting from negligence, unskilfulness or want of proper care in the conduct of the work.

The jury must take no account of any damages which is not the natural and proximate result of the defendant's negligence and which is not reduced by proof to dollars and cents.

When a jury renders a verdict for a greater amount than the damages actually proved, the court will upon motion set aside the verdict, unless the plaintiff agrees to have judgment entered for the amount of damages actually proved.

( *New Castle, January 10, 1893.* )

ACTION ON THE CASE for damages arising from the flooding of a cellar by reason of failure on the part of the proper authorities of the City of Wilmington to complete the filling in of a certain sidewalk after the curb had been set, etc.

Facts appear in the charge of the court.

Heard before HOUSTON and CULLEN, JJ.

*William S. Hilles,* for plaintiff.

*Charles M. Curtis,* for defendant.

During the progress of the trial, *Hilles,* asked the plaintiff what effect the condition of his house with water standing in the

cellar for some three or four months, had upon the health of himself and family.

*Curtis* for defendants, objected ; contending that the question was irrelevant and that the plaintiff could only recover any pecuniary loss he had sustained and not for sickness to himself and family.

CULLEN, J : We think the testimony is proper.

*Hilles* (to witness): What has been the effect upon your children (including period of last summer) ?

*Curtis*: This action was brought September 17, 1891. Testimony as to sickness last summer (1892) certainly is not relevant, being after the action was brought.

CULLEN, J : You recover all the damages you prove up to the time of judgment. You are not confined to the time when you bring your action, because it is an action of tort.

*Hilles* (to witness): Why did you not move away from there?

*Curtis* objected to the question as irrelevant and incompetent.

*Hilles*: He has testified that himself and family were made sick. Certainly if a man stays in a dangerous place when he can get away, there may be some question of contributory negligence : but if he cannot move, it seems to me it is pertinent upon that question of contributory negligence, if nothing else, to show that he was exercising all the care that he could exercise.

CULLEN, J : The Court think the ground stated by the counsel as to contributory negligence makes it a valid question. We think it is pertinent to the issue.

*Mr. Hilles* here remarked that there had been certain documents read to the jury, which we would not have consented to, except he understood that they were to be offered in evidence.

CULLEN, J.: If you produce a paper and read from it, and

the other side does not object to it, it is supposed to be offered in evidence.

In his presentation of his prayers to the Court Mr. Curtis began reading (in the presence of the jury) from the ordinances of the City of Wilmington.

Hilles objected that inasmuch as the said ordinances were not offered in evidence, counsel could not at this stage of the case refer to them. *Dillon on Municipal Corporation*, Sections 413 and 422.

Curtis contended that under the charter of the said city, Section 149, such records were in evidence.

CULLEN, J.: This record might have been put in evidence under the section you read, but it has not been offered. If not offered, it is not evidence.

HOUSTON, J.: A matter does not jump in evidence, you must put it in evidence.

CULLEN, J., charging the jury:

*Gentlemen of the Jury:* This case is an action brought to recover consequential damages by the plaintiff, Anton Benson, which he claims to have sustained by reason of the negligence of the defendants, a municipal corporation, in allowing the water to undermine the walls of his dwelling.

The plaintiff was the owner of a certain house, located in a row of houses situated in this city on Thirteenth street between Heald and Thatcher streets, built in the year 1888; there was a continuous brick wall fronting all these houses, and a brick wall at each end of the row, while the several houses so fronted were divided from each other by wooden or frame partitions. At the time of the construction of said houses, the streets were not graded, nor the sidewalks curbed preparatory to paving; the land on which the houses were built was low, and to attain the necessary height requisite to the future grade of the streets, a stone wall was laid as

a foundation some eight or nine feet in height above the ground surface; in fact the cellar was of such depth as to require the hauling of dirt to decrease the depth. The plaintiff contends that he moved in this house shortly or immediately after his purchase in June, 1888, and that he suffered no inconvenience by reason of water flowing into his cellar until July, 1890, when by the setting of the curbing on the part of defendants in front of some of the houses, the space between such curbing and said houses being filled up, while it remained unfilled as to others, there was formed as it were a box or cavity into which the water flowed, and was driven against the foundation wall of his house, and thence ran down the cellar walls, and thereby flooded his cellar, and so undermined his foundation walls as to cause the same to settle, whereby the upper brick wall bulged out, the inside plastering cracked, and his house became greatly injured and damaged; that this fact was brought to the knowledge of the defendants by notice from the plaintiff, and nothing was done on their part, but the sidewalk was allowed to remain in the same condition until the month of August, 1891, when the necessary work was done by the defendants, since which time no water has flowed into his cellar. The plaintiff contends that the defendants negligently and carelessly constructed a certain sidewalk or pavement in this city; that they carelessly and unskillfully altered the grade of a certain sidewalk and street; that they negligently suffered and permitted the street and sidewalk to be and remain in a bad condition after notice, and that they negligently caused great bodies of surface water to flow on his premises, whereby his premises were damaged and he put to great loss and inconvenience.

The defendants on the other hand contend that they are not liable, as the injury sustained was one such as was necessarily incident to the property in question, when the street was brought to proper grade, by reason of its location, and of which the plaintiff took the risk. They also deny any negligence, or any unskillfulness on their part, and say that the damages were caused by reason

of the condition of the low and swampy ground on which rested the foundation walls of the house, that the house settled from want of a proper foundation, and was not undermined and caused to settle by reason of the water that flowed into the cellar.

The law relative to the liability of a municipal corporation, such as this, is well settled ; and nowhere more clearly and forcibly than in the decisions in our own courts. The different state of facts existing in the several cases decided has led to an ample and complete settlement of the liabilities of a municipal corporation ; they are uniform ; and, certainly without cavil or doubt, make plain the law as applicable to this case. The cases to which I especially refer are, *Magarity v. The Mayor and Council of Wilmington*, 5 Houston, 530 ; *Anderson v. same defendants*, 19 Atlantic Reporter, 509 ; *Harrigan v. same defendants*, 12 Atlantic Reporter, 780, There is also a case in 3 New York, 463, *Rochester White Lead Co. v. Rochester*.

Without entering fully into the details of those decisions, it is only necessary for us to state the purport of the liability of municipal corporations, so that you may be able to supply the facts proved to the law in this case. Municipal corporations are vested under the laws of this State through its Street and Sewer Department with ample and exclusive jurisdiction and control of the streets, squares, lanes, walks and alleys of the city ; of course this gives to them the right to grade the streets, fix sidewalks, make all necessary repairs, etc. In one respect they have judicial powers, and in the exercise thereof, being discretionary, they are not liable; but they also have ministerial powers, and in the use thereof they are bound to act with due care, and should they neglect this, they are liable as individuals for any injurious results that follow such neglect. The city has a right to do this work; the city undertook to execute the same—if so, the city was bound to execute the same well and properly, as well as an individual. You have the testimony before you : Did the city undertake this work ? Was the same executed negligently or unskillfully ? And by reason thereof

was the plaintiff injured ? If the evidence satisfies you that such was the case, the defendants are clearly liable. This matter is confined within very narrow limits. Like most cases of this character, where actions are brought for consequential damages, it is simply a question of negligence, and it is your province to determine from the testimony if there was negligence on the part of the defendants; if you so find, your verdict should be for the plaintiff. Should you be satisfied from the evidence that the said walk in front of the plaintiff's house, or contiguous thereto, was in bad repair, that such want of repair was an injury to the plaintiff's premises, and that notice of such defect in the sidewalk was brought home to the defendants, coupled with a knowledge of its injurious effects, and defendants failed to make repairs in a reasonable time, then your verdict should be for the plaintiff. If, however, you are satisfied from the proof offered that the injury sustained was such as was necessarily incident to plaintiff's property by reason of its location, when the streets and sidewalks shonld be brought to the grade then existing when he purchased this house, of which he was bound to take notice,—in such case your verdict should be for the defendants. Should the evidence offered satisfy you that the injury alleged occurred, and was due to the sinking of the walls of the cellar by reason of the wet and marshy foundation on which they were laid, or, in other words, that the house settled and the damage occurred by reason solely of defective foundation, and that the defect in the sidewalk, and the flowing thereby of the water there collected against the walls of the cellar in no way caused the house to settle, —then also should your verdict be for the defendants. The injury complained of must be the proximate result of the defendants' negligence, for even though there be negligence, yet it must be proved that by that negligence the injury thereby occurred, otherwise you could render no verdict for the plaintiff. The plaintiff is bound to establish by proof, to your satisfaction, negligence on the part of defendants, and that in consequence of such negligence he was injured.

We have been asked to charge you in relation to the matter of damages, should you consider that your verdict be in favor of the plaintiff. In cases of this nature where the party is suing for consequential damages, you are to give such damages as are proved to have been actually sustained. In a similar case, the Court say, " The law in such actions as this takes no account, nor allows a jury to do so, of any damage which is not the natural and proximate result of the act done, and which is not reduced by proof to dollars and cents." We understand the counsel for the plaintiff in this case, only seeks to recover such as he claims to have actually proved, capable of being reduced to dollars and cents. The matter of damages, if yon deem proper to give such in this case, subject to the law as stated, is entirely in your discretion; they should be such as you think reasonable under all the circumstances.

There has been some conflict of testimony on the part of the witnesses produced in this case; the rule of law governing such cases is, that you should, if possible, reconcile such testimony; if you cannot, you are to take into consideration the opportunities or facilities possessed by the several witnesses of best judging the facts relative to which they testify. You are the sole judges of the testimony, and the weight to be given to each is solely left to you. This case after all comes down to applying the law as we have stated it to the testimony, of which you are the exclusive judges ; you will consider that testimony, and render your verdict accordingly. Should your verdict be in favor of the plaintiff, then you should render your verdict for such reasonable amount as you deem meet. Should your verdict be in favor of the defendant, then you will simply render your verdict for the defendant.

There is a request to charge in the first prayer of the defendant that I have not mentioned to the jury : " That if the jury shall find that the setting of part of the curb in June, 1890, and the failure to set the balance, did not cause any more water to flow in the direction of the plaintiff's premises than it would have done had not such curb been set, then the plaintiff is not entitled to recover."

We have put this entirely on the ground of negligence on the part of the defendant and has nothing to do with anybody else or whether any other parties neglected their duty. The simple issue is, was there negligence, unskillfulness or want of proper care on the part of the defendants in the management of their work such as to cause injury to the plaintiff. As to others' liability, that is something that has nothing to do with it. So we consider it as covered under that general observation.

And the same in regard to the second prayer: "If the jury shall find from the evidence that the injuries complained of by the plaintiff were caused by or contributed to failure or neglect of the owners of other lands abutting on the north side of Thirteenth street eastwardly to Heald street to fill in the sidewalk in front of their respective lots to the grade established by the city, then there is no liability on the part of the defendant for the damages alleged by the plaintiff, and the plaintiff is not entitled to recover."

Most assuredly he is not entitled to recover, if the injury occurred by reason of water being let down by the other parties; but I say the issue in this case which the jury are to try is, Whether the damage resulted through negligence on the part of the defendants? Therefore we deem those prayers are sufficiently covered by what we have said.

Verdict for the plaintiff for $1,000.

---

NOTE.—After the above verdict had been rendered, Lewis C. Vandegrift having been called into the case by the defendant, moved that the verdict be set aside; contending that the rule as the measure of damages which had been correctly laid down by the court in this case, is that the jury is to give such damages as are proved to have been actually sustained; that the law in such actions as this takes no account, nor allows a jury to do so, of any damage which is not the natural and proximate result of the act done and which is not reduced by proof to dollars and cents; that the jury had disregarded these instructions and had given a verdict for damages in a larger sum than had been proved to have been actually sustained.

The court decided that as the actual damages proved in dollars and cents did not exceed $600.00, they would set the verdict aside, unless the plaintiff would consent to have a judgment entered for that sum.

This was consented to by the plaintiff, and judgment entered accordingly.

# CRIMINAL CASES

DECIDED IN THE

# Court of General Sessions

OF THE

## Peace and Jail Delivery,

AND IN THE

## Court of Oyer and Terminer

FROM

## 1881 to 1892 inclusive.