## John W. Buckley v. Simeon B. Eisendrath, Commissioner of Buildings, and the City of Chicago.

1. Pleading—*Ordinances of Cities—Conclusions.*—In pleading an ordinance of a city and acts of compliance therewith, the ordinance and the acts of compliance therewith should be set out, and not the conclusions of the pleader.

2. Mandamus—*The Right to the Writ Must be Clear.*—The writ of mandamus will not be issued where the right to what is claimed is doubtful.

Mandamus.—To compel the issuing of a building permit. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

### Statement of the Case.

Appellant filed his amended petition for mandamus in the Circuit Court of Cook County, making Simon B. Eisendrath, commissioner of buildings of the city of Chicago, and the city of Chicago, parties defendant, praying a writ of mandamus directed to Eisendrath as commissioner of buildings of the city of Chicago, and the city of Chicago, commanding Eisendrath to apply to certain plans and specifications his official stamp, and upon payment of certain fees and charges, or the tender thereof, to issue to the petitioner a permit to erect a building, and commanding the city of Chicago, by its proper officer, to receive, accept and receipt for the fees to be paid for the use of the water to be

used in the erection of the building, and for the permit to be issued for the erection of the same.

The defendants filed separate special demurrers to the petition. The court sustained the demurrers to the petition, and rendered judgment against the petitioner for costs.

Sawin & Vanderploeg, attorneys for appellant.

Appellees' Brief, John Mayo Palmer, Corporation Counsel; Ashcraft, Gordon & Cox, Attorneys.

The writ of mandamus is only issuable in a clear case and in the discretion of the court. People v. Forquer, 1 Breese, 109; People v. Curyea, 16 Ill. 547; People v. Kilduff, 15 Ill. 501, 502; Tapping on Mandamus, 165, 166; People v. Lieb, 85 Ill. 490; Brokaw v. Commissioners, 130 Ill. 492; North v. Trustees, 137 Ill. 301.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The petition, while stating that the petitioner is the owner of a certain lot and that he desires to improve the same, fails to allege that he applied to the defendant Eisendrath for a permit to erect a building upon that or any other particular lot.

The petition does not purport to set forth all of the ordinances of the city of Chicago relative to the erection of buidings therein, but alleges that he, the petitioner, has complied with all and every one of the requirements of the ordinances of said city relative to the erection of buildings therein.

This is but the statement of a conclusion. Acts of compliance should be set forth, not his conclusion that he has complied. Nor is it sufficient in pleading an ordinance to allege that its substance is so and so. That is but stating a conclusion of the pleader. The ordinance, or so much thereof as is relied upon, should be set forth.

From so much of the building ordinances as is set forth in the petition, it is manifest that the building commissioner is to judge as to whether the plans and specifications de-

scribe such a building as the ordinances permit the erection of. Where it is alleged that the commissioner has abused his discretion by a refusal to approve plans which it was his duty to approve, such plans should be clearly set forth in the petition. The plans and specifications should be such as make it plain that a refusal to accept the same was a wanton abuse of power; for this purpose the place at which the building is to be erected should be specified with such distinctness as to leave no room for doubt.

The writ of mandamus will not be issued where the right to what is claimed is doubtful. People v. Forquer, 1 Breese, 109; People v. Curyea, 16 Ill. 547; People v. Kilduff, 15 Ill. 501, 502; Tapping on Mandamus, 165, 166; People v. Lieb, 85 Ill. 490; Brokaw v. Commissioners, 130 Ill. 492; North v. Trustees, 137 Ill. 301.

We do not think that appellant has made it plain that the writ should be awarded to him.

The judgment of the Circuit Court is affirmed.