SUSIE N. EPPERSON, Respondent, v. NEW YORK
LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1901.

1. **Life Insurance:** FORFEITURE OF POLICY: TWO PREMIUMS
PAID: STATUTORY CONSTRUCTION. The Act of 1895 amend-
ing section 5958 Revised Statutes 1889, by enacting a new section in
lieu thereof, makes the following changes in the law: (1) It re-
lieves a policy of a foreign company from the application of section
5856 if the laws in its home State prescribe a surrender value, or a
paid up policy on temporary insurance and the policy shall contain
an agreement to that effect. (2) It extends the period in which
a policy may be forfeited from two years to three years. (3) The
first part of the act applies only to foreign companies, the proviso
to all companies.

2. ———: ———: ———: ———. Under said amendment the policy
need not mention the law of the home State of the company; the
agreement provided by such law will be sufficient.

3. ———: ———: ———: ———. The words in said amendment,
"this act shall not be applicable," do not refer to the Act of 1895,
but to the insurance act which was amended, the rule being where a
section of a statute is amended by a new act containing the entire
section amended, the section so amended must be construed as though
introduced into the place of the repealed section in the original act
and in view of such act as amended.

4. ———: ———: ———: ———. A policy of insurance is consid-
ered and *held* to contain by reference an agreement in conformity
to the laws of its own State. *Held*, further, the law of the home
State need not be set out in the policy.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,*
Judge.

REVERSED.

*Ellison & Campbell* for respondents.

(1) If a statute is so uncertain or so muddy as not to be of any judicial certainty, it will be held void.   State v. Railroad, 146 Mo. 155.   (2) The clerk's "amplified" bill of exceptions is of no force—does not help the appellant.   The clerk can not act outside of the statute.   (3) The record shows that neither appellant nor respondent offered the application, and that appellant voluntarily erased such offer from his bill.   (4) Appellant might have insisted upon reading the application along with the policy.   Having failed to do so he waived it.   (5) It is a Missouri contract, and the application (last paragraph thereof) could not make it a New York contract.   Cravens v. N. Y. Life, 148 Mo. 583. .

*Judson & Green* for appellant.

(1) The policy was issued by a company authorized to do business in the State, and organized under the laws of a State of the United States prescribing a surrender value or paid-up or extended insurance in case of default in the payment of premiums.   Statutes of New York, sec. 88, chap. 690.   (2) The policy contained an agreement of surrender value or paid-up insurance, or extended insurance as prescribed by the law of New York as a part of the policy.   (3) It provided for non-forfeiture after the payment of three annual premiums, as required by the proviso in the Act of 1895.   Plaintiff's right to temporary insurance was therefore dependent upon the payment of three annual premiums, and as admittedly only two were paid, she was not entitled to recover.   (4) The act is not ineffective, nor is it nullified by the words, "this act shall not be applicable," immediately preceding the proviso.   Black on Interpretation of Laws, secs. 49 and 104 to 107; Ex parte

Vol 90 app—28

Joffee, 46 Mo. App. 360; State ex rel. v. Hirzel, 137 Mo. 435; Acts of 1879, p. 130; R. S. 1879, secs. 5856 to 5859; R. S. 1899, secs. 7897 to 7899.    (5) It was not necessary for the policy to adopt the New York statute.    The law of Missouri, to-wit, the Act of 1895, was written into the policy. Christian v. Insurance Co., 143 Mo. 460.    (6) The application was part of the policy.    As the policy was offered in evidence without exception or qualification, the clerk was bound to copy the whole of it in the transcript as called for in the bill of exceptions.    McCartney v. Ins. Co., 45 Mo. App. 373; 2 Bacon on Insurance, sec.464; 1 May on Insurance, sec. 29a; 16 Am. and Eng. Ency. of Law (2 Ed.), p. 966; Silverman v. Insurance Co., 24 N. Y. Misc. 399; Life Ins. Co. v. Fletcher, 117 U. S. 519.

ELLISON, J.—This action is based on a policy of life insurance issued to plaintiff's deceased husband in his lifetime by defendant, an insurance company organized in the State of New York.   Judgment was rendered in the trial court for plaintiff.   The contest between the parties results from conflicting construction of the Laws of 1895, p. 197, repealing section 5859, Revised Statutes, 1889, and substituting a new section designated by the same number.

It appears that the deceased, after paying two annual premiums, defaulted on the third and died with that premium unpaid.  By the terms of section 5856, Revised Statutes 1889, no life insurance policy could become forfeited by reason of non-payment after two annual premiums had been paid thereon, but that the net value of the policy at the time the unpaid premium becomes due (to be ascertained in the way named by the statute) shall be taken as a premium for temporary insurance for a period to be ascertained as pointed out in said section.   By the terms of section 5857, if the assured should die within the period of temporary insurance, the pol-

icy was as valid as if there had been no default in the payment of premium. The deceased, in this case, died within such period, the net cash value of the policy being sufficient to buy insurance beyond the date of his death. Plaintiff is therefore entitled to recover unless she is cut off by the substituted law aforesaid.

It would perhaps be more satisfactory to state our construction of sections 5856 and 5859 as they stood before the Act of 1895 and then state what changes were made by the latter act. Section 5856 provides, in the first instance, that no life policy, whether local or foreign, shall be forfeited for non-payment of premium after two annual payments have been made. But the net cash value of such policy shall be ascertained in the way pointed out by the statute and not here necessary to state, and that such net value shall be taken as a premium for temporary insurance for the full amount of the policy. So that although an assured fails to pay a premium falling due after the second payment, the policy may still be collected if the assured should die within the period of the temporary insurance. Section 5859 provides that if, however, the company and the assured *themselves* contract in the policy for a cash surrender value of the policy equal to a single premium for such temporary insurance, then section 5856 has no application. This evidently for the reason that the parties to the contract have, in their own way, contracted concerning the matter.

In 1895 (Laws 1895, p. 197) section 5859 was stricken out and a new section enacted as above stated. It is in the following language, the words in italics being the changes made from what it was before:

"Section 5859. The Foregoing Provision Not Applicable, When.—The three preceding sections shall not be applicable in the following cases, to-wit:- *If the policy shall have been issued by any company authorized to do business in this*

*State, and organized under the laws of another State of the United States which prescribes a surrender value or paid-up or temporary insurance in case of default in payment of premiums, and shall contain an agreement for such surrender value, temporary or paid-up insurance, as prescribed by such other State as a part of said policy,* or if the policy shall contain a provision for an unconditional cash surrender value at least equal to the net single premium for the temporary insurance provided hereinbefore, or for the unconditional commutation of the policy for non-forfeitable paid-up insurance, or if the legal holder of the policy shall, within sixty days after the default of premium, surrender the policy and accept from the company another form of policy, or if the policy shall be surrendered to the company for a consideration adequate in the judgment of the legal holder thereof, then, and in any of the foregoing cases, this act shall not be applicable: *Provided, that in no instance shall a policy be forfeited for non-payment of premiums after the payment of three annual premiums thereon; but in all instances where three annual premiums shall have been paid on a policy of insurance, the holder of such policy shall be entitled to paid-up insurance, the net value of which shall be equal to that provided for in section 5856 of this article."*

It will be seen that this act materially changes the old section, for it, in the first part thereof, clearly relieves the policy of a company organized in a foreign State, from the effect or application of section 5856, if the laws of that State prescribe a surrender value or paid-up or temporary insurance in case of default in payment of premiums, and the policy shall contain an agreement for these things as they are prescribed by said laws. And the last part of said act by proviso makes a material addition to the old section. It extends the period in which a policy may be forfeited from two years, as provided in Section 5856, to three years. The first part of the act,

printed in italics, has, by its terms, application only to policies issued by foreign companies; the balance of the act, including the proviso, applies to all policies, whether foreign or local.

In this case it was shown at the trial that the laws of the State of New York did prescribe a surrender value or paid up or temporary insurance, in case of default in the payment of premiums. It was shown that the policy in suit contained an agreement for such surrender value, temporary or paid-up insurance as thus prescribed by the laws of said State. And it was also shown that the deceased had not made three payments of premium. It is therefore clear (unless the following points and suggestions made by plaintiff are sound) that the policy sued on was forfeited and void at the death of deceased.

Plaintiff contends that in the statute of 1895, above set out, the phrase, "as prescribed by such other State as a part of said policy," makes it necessary for the policy itself to refer to and "adopt and submit to the New York law." This is not the meaning of the statute. The policy need not mention the New York law. It is sufficient if it contains the agreement which is prescribed by that law. So that the evident meaning of the statute, as applied to this case, is that, the policy being issued by a company organized in the State of New York, the laws of which State provide for temporary insurance in case of default in premiums, and the policy containing an agreement for such temporary insurance as thus prescribed by such State, the three preceding sections of the statute of 1889 do not apply to this policy.

It will be noticed that just preceding the proviso of the Act of 1895 are the words (found in the original act) "then, and in any of the foregoing cases, this act shall not be applicable." Plaintiff urges that the words, "this act shall not be applicable," refer to the Act of 1895, and thus nullify it. But those words do not refer to the Act of 1895. They were put

in that act with a knowledge that that act was to form a part of a complete statute. The words evidently refer to the original law as it would stand, as a whole, with the new section incorporated. It is a rule of construction and has been often held, that: "Where one or more sections of a statute are amended by a new act, and the amendatory act contains the entire section or sections amended, and repeals the section or sections so amended, the section or sections as amended must be construed as though introduced into the place of the repealed section or sections in the original act, and therefore, in view of the provisions of the original act as it stands after the amendatory sections are so introduced." McKibben v. Lester, 9 Ohio St. 627; Holbrook v. Nichols, 36 Ill. 162; Green v. State, 22 Texas 588; Queen v. St. Giles, 3 E. & E. 224. Thus, in McKibben v. Lester, supra, the new section amendatory of the law used the words, "under the restrictions and limitations *herein* provided," and it was held that these words "must be taken to refer to the restrictions and limitations provided in the original act, as it stands after all the amendments made thereto are introduced into their proper places therein." We may remark that in the statute now being construed, the words were perhaps superfluous, since, at the beginning of the section the particular parts of the law which were not to be applicable, were named.

It is further stated that "there can not be found in the policy an agreement for a surrender value, or for temporary paid up insurance as prescribed by the State of New York," which, as we have seen, is necessary. If it is meant by that statement that the policy does not contain an agreement for surrender value and for temporary insurance, it is a mistake of fact. It is true that what may be called the policy proper does not contain such agreements. But it is written in the policy proper, that "the special advantages, benefits and provisions printed or written by the company on the following

pages are conditions precedent and are a part of this contract as fully as if they were recited at length over the signatures hereto affixed." Among such provisions on the aforesaid following pages are to be found those for a surrender value and for temporary insurance; and we consider them made as much a part of the policy by the above quotation from the policy as if they were actually embodied literally in the policy itself. If, however, it is meant by the statement aforesaid that the law of New York on that subject must be set out in the policy, we think it an unsound contention. It is not necessary to set out the law. It is sufficient to set out the contract demanded by the law; and proof of its being such contract as is demanded may be made by proof of the law and comparison with the policy.

In the view here taken, it is unnecessary to go into the question whether the application in this case is a part of the policy; or whether it was received in evidence.

It follows that the judgment for plaintiff must be reversed. All concur.