MARY E. MYERS, F. C. WILLS AND JAMES P. JACOBS,

*vs.*

AGOSTINO FORTUNATO.

*New Castle, Apr.* 10, 1922.

Courts other than those of a municipality will not take judicial notice of municipal ordinances, in the absence of a statutory direction so to do.

Generally, municipal ordinances, where relied on to supply the cause of action or to constitute the ground of defense, must be pleaded; but, where relied upon only as evidentiary of a fact, the ordinance may be admitted in evidence, though not pleaded.

. In an action to enjoin the erection of public garages on the ground that the requirements of an ordinance had not been complied with, it was necessary to plead the ordinance, since it constituted the basis of the cause of action.

A statute amended is to be construed exactly as if it had read from the beginning as it does as amended.

If an ordinance had been properly pleaded with sufficient particularity in its description, the original ordinance and all amendments would have been admissible in evidence under *Revised Code* 1915, §§ 2154, 4205, 4225.

A mere reference in the pleading to the date of passage of an ordinance is not a sufficiently particular description of the ordinance and amendments in evidence.

Defendant, not having demurred to bill for want of certainty or particularity in the description of an ordinance, could not complain thereof after filing of answer.

. Where bill described ordinance containing five sections as containing only one section, a section not pleaded being so connected with the section pleaded as to constitute a component part thereof, is inadmissible; it constituting a variance from the pleading.

Where case had been pending for three years, and where amendment would introduce no new cause of action, equity, instead of dismissing it for

failure of bill to plead ordinance in question, will open the hearing in order to permit complainant to amend his bill in such way as to make proper the admission of the ordinance into evidence.

INJUNCTION BILL.    The bill seeks to restrain the erection of certain alleged public garages, seven in number.    The bill charges that the garages are to be erected in the city of Wilmington, contrary to an ordinance of the city.    The ordinance is referred to in the eighth paragraph of the bill, as follows:

"Eighth.    That the erection of said public garage as aforesaid is a violation of an ordinance passed by 'The Mayor and Council of Wilmington,' on the twenty-fifth day of June, A. D. 1914, which said ordinance is as follows:

" 'Sec. 1.    That no permit shall hereafter be granted for the erection or alteration of any building intended for use as a public garage in the residential portion of the city of Wilmington, within forty feet of the building line of any and all adjoining property owners, unless the written consent of all such adjoining owners has been filed with the building inspector.' "

It is further alleged that the building inspector of the city of Wilmington (whose duty it is to issue permits for the erection of buildings) granted to the defendant a permit for the erection of the garages in question, in violation of said ordinance and has refused to revoke the permit.    The violation of the ordinance by the building inspector is charged to have consisted in this, viz.: that the complainants, who are property owners and whose building lines are within forty feet of the proposed garages, have never filed with the building inspector their written consent that the garages might be erected.    This was because the ordinance in question had been held void by this court in a prior case, and the building inspector had accordingly assumed that the written consent of property owners was therefore not necessary.    Later this suit was instituted and Chancellor Curtis, following the prior decision, entered a decree dismissing the bill after demurrer.    The Supreme Court on appeal reversed the decree of dismissal, holding the ordinance valid 12 *Del. Ch* 140, 108 *Atl.* 678, for the case below, 12 *Del. Ch.* 374, 110 *Atl.* 847, on appeal.    Upon the return of the cause to this court, the defendant answered the bill.

The answer sets up the defense that the garages in question are not public garages, but that they are private garages.    The answer did not undertake to set out the ordinance, or any part thereof.

The cause came on to be heard on the bill and answer and testimony of witnesses taken orally before the Chancellor. At the hearing the parties respectively stated what they proposed to prove and each waived the production of witnesses, admitting what the other proposed to prove. Both sides then rested.

At the commencement of the argument, the solicitor for the complainants proceeded to read the ordinance of the city of Wilmington relating to the erection of public garages. The solicitor for the defendant objected because, first, the ordinance had not been offered in evidence; and second, if it had been offered, it would not, under the pleadings, be admissible.

*Robert G. Harman*, for the complainants.

*Daniel O. Hastings*, for the defendant.

THE CHANCELLOR. The *Revised Code of* 1915 provides, as follows:

"2154. Sec. 39. *Authorized Printed Copies to be Evidence; How Pleaded.*— The printed copies of the ordinances and resolutions of the Council of Wilmington, whether of a public or private nature, published by authority of Council, shall be admitted as evidence thereof in all courts and on all occasions; and in pleading it shall not be necessary to recite or draw them out at large." *Chapter 67.*

"4205. Sec. 42. *Ordinances and Resolutions of the Council of Wilmington; Pleading of.*—In pleading the ordinances and resolutions of the Council of Wilmington, it shall not be necessary to recite or draw them out at large." *Chapter 128.*

"4225. Sec. 15. *Ordinances and Resolutions of Wilmington; How Proved and Pleaded.*—The printed copies of the ordinances and resolutions of the City Council of Wilmington, whether of a public or private nature, published by authority of the City Council, shall be admitted as evidence thereof in all courts of law or equity, and on all occasions whatever, and in pleading it shall not be necessary to recite or draw them out at large." *Chapter 129.*

Courts other than those of the municipality, will not take judicial notice of municipal ordinances, in the absence of a statutory direction so to do. The code provisions above quoted are framed in harmony with this general rule of law, and supply a method of proof. Ordinances when relied on outside of the courts of the municipality must be offered in evidence. *Benson v. City of Wilmington,* 9 *Houst.* 359, 32 *Atl.* 1047. At the hearing I indicated that if this were the only objection to the reading of the

ordinance, I would be disposed to allow the complainant to open the case for the purpose of placing the ordinance in evidence. I have no doubt of the right of the court to exercise its discretion to this extent. *Plunkett v. Dillion*, 4 *Del. Ch.* 198, 224. The circumstances of the case are such as to prompt me to adhere to my first impression, viz.: that the complainant should be allowed to reopen the hearing for the purpose of offering the ordinance in evidence.

But, if such permission be granted, would the ordinance be admissible under the pleadings? This brings me to consider the second ground of objection urged by the defendant.

It is a general rule that where municipal ordinances are relied on as supplying the cause of action, or as constituting the ground of defense, they must be pleaded. 2 *McQuillin on Municipal Corporations*, (5th Ed. §§ 847, 849; 2 *Dillion on Municipal Corporations*, (5th Ed.) § 639; *Whitson v. City of Franklin*, 34 *Ind.* 392; *Buckley v. Eisendrath*, 58 *Ill. App.* 364; *Clevenger v. Town of Rushville*, 90 *Ind.* 258; *Mooney v. Kennett*, 19 *Mo.* 551, 61 *Am. Dec.* 576; *Pomeroy v. Lappers*, 9 *Or.* 363.

Other cases to the same effect may be found. But where the ordinance is not relied upon as supplying the cause of action, or the ground of the defense, but only as evidentiary of a fact, it may be admitted in evidence though not pleaded. In the case of *MacFeat's Adm'r. v. P. W. & B. R. Co.*, 5 *Pennewill*, 52, 58, 62 *Atl.* 898, an ordinance of the city of Wilmington was admitted in evidence, though not pleaded, in an action for death caused by the negligence of the defendant in running its train through the city at an unlawful rate of speed, to-wit, at a speed greater than six miles an hour. The court gave no reasons for admitting the evidence in that case. Its ruling can, however, be sustained by the reasoning of the court in the case of *Robertson v. Wabash, etc., R. R. Co.*, 84 *Mo.* 119, where under similar circumstances the court said:

"The ordinance furnished no cause of action, and for these reasons it was unnecessary to plead it. The existence of the ordinance was only a fact bearing upon the conduct of the managers of the train, and whether the defendant was guilty of negligence at the time and place, resulting in loss to the plaintiff, depends upon all the facts legally bearing upon their action. If defendant was running its train in violation of law at the time, such fact is competent evidence in support of the charge of negligence."

To the same effect are *Bailey v. Kansas City*, 189 *Mo.* 503, 87 *S. W.* 1182, and *Danker v. Goodwin Mfg. Co.*, 102 *Mo. App.* 723, 77 *S. W.* 338. The case of *Diamond State Iron Co. v. Giles*, 7 *Houst.* 557, 11 *Atl.* 189, may be regarded as falling in the same class.

But the cases just cited do not justify the contention that in a case such as is now before the court, the ordinance, prohibiting the erection of public garages in the city limits, may be offered in evidence without having first been pleaded; for in this case the ordinance is the sole source of the complainants' cause of action. If there were no ordinance, there could be no such cause of action as the bill undertakes to describe. The ordinance, therefore, must be pleaded before it can be offered in evidence.

The complainants contend, however, that the ordinance has been sufficiently pleaded. The ordinance as it was originally passed on June 25, 1914, is as follows:

"An ordinance regulating the location, erection and alteration of buildings used as a public garage.

"Be it ordained by the Council:

"Section 1. That no permit shall hereafter be granted for the erection or alteration of any building intended for use as a public garage in the residence portion of the City of Wilmington within forty feet of the building line of any and all adjoining property owners, unless the written consent of all such adjoining owners has been filed with the building inspector.

"Sec. 2. That after the passage of this ordinance no person shall be permitted to convert the use of any building in the City of Wilmington into a public garage without a permit from the building inspector, and if any such building be located in the residence portion of the city the granting of the permit shall be subject to the conditions set out in Section 1 of this ordinance.

"Sec. 3. A public garage within the meaning of this ordinance is any place used for the storage of automobiles or other self-propelling vehicles, not including motorcyles, for profit to the owner or tenant, whether such storage be for manufacture, repair, exhibition, demonstration, sale, rental, hire, painting, adjustment or equipment.

"Sec. 4. Any building or structure which is erected, altered or maintained in violation of the provisions of this ordinance shall be deemed a common nuisance without other proof thereof than proof of its unlawful construction, alteration or use. Whoever violates any provision of this ordinance, or whoever builds, alters or maintains any structure or any part thereof in violaticn of any provision of this ordinance, shall be punished by a fine not ex-

ceeding two hundred dollars for each offense and the further sum of ten dollars for each and every day the nuisance remains unabated.

"Sec. 5. The ordinance entitled 'An ordinance restricting the location of buildings to be used as a public garage,' approved the third day of October, A. D. 1911, and all other ordinances inconsistent herewith, are hereby repealed.

"Passed by 'The Council' June 25, 1914."

Later, on June 17, 1915, the above ordinance was amended, as follows:

"An ordinance amending an ordinance entitled 'An ordinance regulating the location, erection and alteration of buildings used as a public garage."

"Be it ordained by the Council of Wilmington:

Section 1. That the ordinance entitled ' An ordinance regulating the location, erection, and alteration of buildings used as a public garage,' approved March 27, 1914, be, and the same, is, hereby amended by adding to Section 3, the following words, to-wit: 'And any building, structure, or place where any automobile or automobiles, or other self-propelling vehicles, other than motor cycles, are kept or stored, under lease, permit, license or otherwise from the owner or agent of the owner of any such building, structure or place, shall also be deemed a public garage; provided, however, that nothing in this section contained shall prevent the owner of any building or structure from keeping his own automobile therein, or the lessee of any dwelling house upon the grounds on which a garage is built, from keeping his automobile therein.' "

It, therefore, appears that the bill pleads only a portion of the ordinance, to-wit: Section 1 thereof, as is manifest from a reading of the eighth paragraph. Can any part of the ordinance other than the part so pleaded be introduced in evidence? The complainants answer this question in the affirmative because, they say, under the provisions of the *Code, Sections* 2154, 4205 and 4225, it is not necessary in pleading ordinances of the city of Wilmington to recite or draw them out at large and that a reference to this ordinance as having been "passed by 'The Mayor and Council of Wilmington' on the twenty-fifth day of June, A. D. 1914," is sufficient to satisfy the rule of pleading laid down by the Code. This is said to be so not only with respect to the original ordinance, but also with respect to the amendment adopted June 17, 1915, for an amendment is to be considered as though incorporated in and as being a part of the ordinance as originally passed. In other words, it is argued that the description of the ordinance by the date of its passage covers the original and all amendments.

It is true, as was said by the court in *Farrell v. State*, 54 *N. J. Law*, 421, 24 *Atl.* 725, that—

"As a rule of construction, a statute amended is to be construed in the same sense exactly as if it had read from the beginning as it does as amended."

To the same effect are *Cain v. Allen*, 168 *Ind.* 8, 16, 79 *N. E.* 201, 896; *Epperson v. New York Life Ins. Co.*, 90 *Mo. App.* 432; *Sutherland on Statutory Construction*, (2d Ed.) § 237, *p.* 444. This being true, if the ordinance had been properly pleaded with sufficient particularity in its description, I think, in view of our Code provision, the original and all amendments would have been admissible in evidence. A mere reference to the date of passage, as was the case here, however, would not be a sufficiently particular description of the ordinance. But the defendant did not choose to demur to the bill for want of certainty or particularity, and he is not now after answer filed in a position to object on this ground.

This consideration would dispose of the question if it were not for the fact that the bill does not stop at describing the ordinance as having been passed on the date named. It goes further and alleges "which said ordinance is as follows." Then follows a copy of Section 1 only. In this state of the matter, the pleadings described an ordinance containing only one section, whereas the evidence offered was of an ordinance containing five sections. If the additional sections were not of such character as to make them material to the controversy, there would, of course, be no necessity either of pleading them or offering them in evidence. But such is not the case. Section 1, which is pleaded, forbids the erection of "public garages" and does not define the phrase. If that were the end of the ordinance, the duty of defining the phrase would fall upon the courts. Such is the sort of ordinance presented by the bill. But if Section 3, which is not pleaded, be admitted in evidence, then another situation is presented, for that section defines what the expression "public garages" means, and in a very real sense embraces within its provisions the elements which compose the thing prohibited. Section 3, though standing apart from Section 1, is nevertheless to be regarded as a component part of that section. In substance, therefore, the allegation of the bill is to be treated as though a portion only of the section on which the complainants rely had been set out. Viewing the

matter in this light, the offer of both sections in evidence constitutes a variance from the allegation, and the evidence cannot be admitted under the present state of the pleadings.

Section 3 contains the definition of what constitutes a public garage, and, being only a definition, it is contended that the rules of pleading do not require it to be pleaded. No authority is cited in support of this contention. If this be conceded, yet it cannot be true in a case where the cause of action is founded on the definition itself. This would be so if the action arose from a contract, and it is likewise so if it arises from an ordinance.

The complainants strenuously insist that they are entitled to an admission in evidence of the whole ordinance under the pleadings as they stand. I am unable to agree with this contention, though my every inclination is to do so, for I am exceedingly loath to allow the case to go off on a question of this kind, a question which leaves the merits of the controversy wholly untouched. If a way can be found to relieve parties from having their complaints shunted off upon collateral issues that do not involve the merits, a court of equity endeavoring to administer substantial justice between litigants, ought to adopt such way. At the same time, the rules governing pleading and the admission of evidence must be adhered to as conducive to that orderly and logical conduct of causes which years of painstaking effort have laboriously built up. In adopting the view I am about to express in this case, it should be understood that I am moved thereto by the special circumstances surrounding the case. The solicitor for the complainants in conducting the case relied on the view that it is never necessary to plead definitions such as are found in this case. He stated at the argument also that he relied for his guidance upon the language of the court of last resort in this state in *Mayor & Council v. Vandegrift*, 1 *Marv.* 5, 29 *Atl.* 1057, 25 *L. R. A.* 538, 65 *Am. St. Rep.* 256. I find nothing in that case in conflict with the views I have hereinabove expressed, and in my opinion the solicitor for the complainants was under a misconception concerning its true significance.

This case has been pending for three years. It ought to be finally disposed of. I can see no good purpose in allowing it to be disposed of on the pending question, which, as I have said,

does not touch the merits. To do so would but drive the complainants to file a new bill, and I can see no reason for compelling this course and occasioning more delay. And if such new bill were filed, the dismissal of this one might operate to defeat the new one. In such event, the defendant's case would have been finally disposed of without ever having been heard on the merits, an outcome which would work a great hardship.

In either event, it seems to me the ends of justice require that the complainants should be permitted to go on with the pending bill, so that the merits may be passed upon.

The hearing will be reopened. If the complainants so desire they may have leave to amend their bill by pleading the ordinance in a manner that will admit of proof of all its material sections, such amendment to be allowed on proper terms. If complainants do not choose to so amend, then only Section 1 of the ordinance can be admitted in evidence under the pleadings as they stand.

In 1 *Whitehouse on Equity Practice*, § 312, *p.* 533, the following is found:

"From the preceding sections, it may be gathered as a general rule that the courts in the exercise of their discretion will allow before final decree any amendment to the bill, formal or substantial, which is in furtherance of justice, on such terms as will not prejudice the defendant, except an amendment which seeks to introduce an entirely new case after the cause has been heard."

To allow the amendment for the purpose of getting the whole ordinance before the court will introduce no new cause of action; it will spring no surprise on the defendant, and it will promote the ends of justice by not allowing the cause to go off on a technical point which reaches back into the pleadings.

In thus indicating a favorable attitude towards an application to amend in the particular suggested, it should be understood that the court is moved by the special circumstances surrounding this case, and that there is no disposition on the part of this court to look with favor, as a general rule, on applications made in the late stages of a cause for leave to amend.

Let an order be entered accordingly.