THOMAS M. GOODEN, JR., and HARRY CLARK, trading as Gooden and Clark, d. b. a., v. ROBERT DAVIS MITCHELL, p. b. r.

*(March* 29, 1941.)

SPEAKMAN, J., sitting.

*Marvel* and *Morford* for defendant below appellant.

*Tunnell and Tunnell* for plaintiff below respondent.

Superior Court for Kent County, No. 34, February Term, 1941.

SPEAKMAN, J., delivering the opinion of the Court:

The Delaware Workmen's Compensation Law, Chap. 233, Vol. 29, Laws of Delaware, was approved April 2, 1917. Since then there have been numerous amendments to the law, only one of which is pertinent in this proceeding.

By 3193 q. of Sec. 110 of the Act of 1917, it was provided that "each award of the Board shall be in writing * * *, and a copy thereof shall be served on each of the

parties in interest within one week after the making of such award."

By Sec. 3 of Chap. 186, Vol. 32, Laws of Delaware, approved April 1, 1921, the above quoted portion of the Act of 1917 was amended so as to read as follows: "each award of the Board shall be in writing * * *, and a copy thereof shall either be served personally on or sent by registered mail to each of the parties in interest within one week after making such award."

The above quoted provision in the Act of 1917, as amended by the Act of 1921, is now contained. in 6087 of the *Revised Code.*

That portion of 6088 of the *Revised Code* above quoted is in the same language as when originally adopted in 1917, 3193r, Section 111 of said Chapter 233.

The interpretation of the phrase in 6088 of the *Revised Code* is not difficult when read in connection with the phrase in 6087 of the Code before its amendment. The two phrases if read together before the amendment would read as follows: "each award of the Board shall be in writing * * *, and a copy thereof shall be served on each of the parties in interest within one week after the making of such award. An award of said Board in the absence of fraud shall be final and conclusive between the parties, ·* * * unless, within ten days after a copy thereof has been sent to the parties, either party appeals to the Superior Court for the County in which the injury occurred."

From the above it is clear that the words "served on" and the words "sent to" are mutually related. It is equally clear that the legislative intent was that the notice of an award as required by the Act prior to the amend-. ment was by the service of a copy theerof on the parties in

interest. It therefore necessarily follows that before the amendment of 1921, the words "sent to" must be interpreted to mean "served on."

■■■ I now come to the question of the effect of the amendment of 1921. One rule of construction is that a statute amended is to be construed in the same sense exactly as if it had read from the beginning as it does as amended. *Myers v. Fortunato*, 13 *Del. Ch.* 148, 116 *A.* 623, citing *Farrel v. State*, 54 *N. J. L.* 421, 24 *A.* 725. From this, it might seem that the words "sent to" as appearing in 6088 of the *Revised Code*, should be construed to mean "served personally on or sent to by registered mail", as now provided for such notices in 6087 of the said Code. However, legislative language is not given a strict or literal meaning when it is apparent from competent evidence that such meaning was not intended by the lawmakers. *Emerson v. Boston & M. R. Co.*, 75 *N. H.* 427, 75 *A.* 529, 27 *L. R. A.* (*N. S.*) 331. The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute; and Courts are not compelled to follow the letter of a statute when it bears away from the true intent and purpose and to conclusions inconsistent with the general purpose of the act. 2 Lewis' Sutherland, Stat. *Con., Sec.* 336; *Harlee v. Federal Finance Corp.*, 4 *W. W. Harr.* (34 *Del.*) 345, 152 *A.* 596; *Nigro v. Flinn*, 8 *W. W. Harr.* (38 *Del.*) 368, 192 *A.* 685.

Language similar in effect to that under consideration was passed upon in the case of *Browne v. Black*, (1912) 1 *K. B.* 316. There the words "sent by the post to" and the words "counting-house, office of business" were introduced by way of amendment to the Statute of 2 Geo. 2, c. 23, s. 23, so that the amended portion of the statute read:

"No attorney or solicitor * * * shall commence or maintain any action or suit for the recovery of any fees, charges, or disbursements for any business done by such attorney or solicitor until the expiration of one month after such attorney or soliictor * * * shall have delivered unto the party to be charged therewith, or sent by the post to or left for him in his counting-house, office of business, dwelling-house, or last known place of abode, a bill of such fees, charges and disbursements, * * *."

There a majority of the Court refused to adopt a construction of the statute as amended, based upon contentions similar to those advanced by the respondent in the instant case.

In the case under consideration, following the amendment to the Compensation Law, two alternative modes were given to the Board for the purpose of notifying parties in interest of the Board's award, namely, either by serving a copy thereof personally on each party in interest, or by sending a copy thereof by registered mail to each of the said parties.

The Board, in the exercise of its option, sent a copy of its award to each of the appellants by registered mail, on Saturday, January 25, 1941, and each of the parties received the copy so sent on Monday, January 27, 1941. As the registered mail was received personally by the parties on the last mentioned date, it is not necessary to consider, as was done in *Browne v. Black*, the effect of the delivery of registered mail at the residence or place of business of an interested party, in due season, but during his absence from the place of delivery.

When we consider the language of the amendment in question in connection with the statute as it read

both before and after the adoption of the amendment, there is no mistaking the change sought to be effected by the Legislature. The amendment in question, Sec. 3 of the Act of 1921, amends 3193q, Sec. 110 of the said statute, Act of 1917, relative to the method of giving notice to the parties in interest of an award by the Board. It does not purport to amend any other section of the Act. It is clear that the purposes of the amendment were for the convenience of the Board, by providing for it an alternate, and in many cases a more convenient method, of notifying parties in interest of an award by the Board. It is also clear that the purpose of the amendment was not to change 6088 of the *Revised Code* by reducing or otherwise affecting the time in which a party in interest might appeal from an award by the Board.

In *Browne v. Black, supra,* Kennedy, L. J. said, with regard to such alternative modes of notice as those contained in the Solicitor's Act, as amended, which related to the same subject matter, namely, the period of time which was to elapse before an action could be brought:

"It appears to me to be impossible, according to the usual canons of construction, unless one is absolutely compelled by the language used to do so, to take the view that the alternatives so given are intended to have a different effect with regard to the length of that period of time, as would be the case if the contention for the plaintiff were correct."

The language used by Kennedy, L. J. is strongly convincing and is peculiarly appropriate to the present situation. Accordingly, in my opinion the alternate modes given to the Board to notify parties in interest of an award of the Board, should not be construed so as to have a differ-

ent effect on the length of time within which such parties might appeal from an award of the Board to this Court.

Furthermore, the result which might follow in reducing the time in which an appeal could be taken is ample evidence that such a change was not intended. Parties in interest are not in every case residents of this State. It is not unreasonable to suppose that cases may arise in which parties in interest are residents of other states, or even of foreign countries with the result, if the construction as contended for by the respondent should be adopted, the time given to parties in interest within which to take an appeal might have expired because of the time reasonably necessary for registered mail to reach its destination. It, of course, was not the legislative intent that the language of the amendment should be understood so as to be productive of such unjust consequences.

The appeal was taken within the time prescribed by the law, and for that reason the Rule to show cause why the appeal should not be dismissed will be discharged.