# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **TIARA HALL** | ) | |
| **Appellant,** | ) | |
| | ) | **C.A. No.: N14A-02-006-ALR** |
| **v.** | ) | |
| | ) | |
| **UNEMPLOYMENT INSURANCE** | ) | |
| **APPEALS BOARD** | ) | |
| **Appellee** | ) | |

Submitted: November 20, 2014
Decided: February 19, 2015

**On Appeal from the Decisions of the Unemployment Insurance Appeals Board
AFFIRMED**

**<u>MEMORANDUM OPINION</u>**

Tiara Hall, self-represented.

Catherine Damavandi, Deputy Attorney General, for the Unemployment Insurance Appeals Board.

**Rocanelli, J.**

This is an appeal by Tiara Hall ("Claimant") from three determinations of the Unemployment Insurance Appeals Board ("UIAB"), issued on April 10, 2013 in Case No. 50896679 and on June 6, 2013 in Case Nos. 60896679 and 60904782. The UIAB found that Claimant had defrauded the Department of Labor ("Department") and obtained benefits to which she was not entitled. This appeal to the Superior Court was filed by Claimant in an untimely manner. Accordingly, the appeal must be dismissed for lack of jurisdiction. Moreover, the Court finds that Claimant's appeal should also be dismissed on the merits because the UIAB's decision is free from legal error.

## I.  Procedural History

On April 10, 2013, the Department issued a Notice of Determination (Case No. 50896679), finding that Claimant had earnings from her temporary job in September and October of 2012, which Claimant did not report. During this time, Claimant continued to receive unemployment and applied for extensions on her unemployment insurance claim. The Department found Claimant was disqualified for fraud, "effective with or for week ending September 22, 2012 until week ending September 21, 2013." The decision stated it would become final on April 20, 2013. The Department mailed the decision to Claimant at her address of record. Claimant filed her appeal on September 4, 2013.

1

On June 6, 2013, the Department issued two Notices of Determination. In the first June 6 notice (Case No. 60896679), the Department found Claimant was overpaid $6,424.00 for twenty-two weeks from September 22, 2012 to February 16, 2012 due to a disqualification; accordingly, Claimant was fraudulently collecting these unemployment benefits. In the second June 6 notice (Case No. 6090478), the Department determined an overpayment of benefits had been issued in the amount of $768.00 for six weeks from February 23, 2013 to March 30, 2013 due to a disqualification and fraud. According to the decisions, any appeal by Claimant was required to be filed by June 16, 2013. The Department mailed the decision to Claimant at her address of record. Claimant filed her appeal on September 4, 2013.

## II.    Jurisdictional Defect

Claimant's appeal to the Superior Court was not filed within the deadline for filing an appeal. Accordingly, there is a jurisdictional defect and Claimant's appeal to this Court therefore cannot be considered because the Court does not have jurisdiction to hear a late-filed appeal. Appeals to the Superior Court from a decision of the UIAB must be made ten (10) days after the decision of the UIAB becomes final.[1]

---

[1] 19 Del. Code 3323(a).

When a party fails to perfect an appeal within the period mandated by statute, a jurisdictional defect is created that may not be excused in the absence of unusual circumstances that are attributable to court personnel and are not attributable to the appellant.[2] In this case no such unusual circumstances exist. The appellate jurisdiction of a court cannot be invoked or properly exercised unless an appeal is perfected within the time period fixed by law.[3] As Claimant's appeal was not perfected within the time period allowed by law, this court is without jurisdiction to review the UIAB Decision.

### III.    Claimant Cannot Prevail on the Merits

Moreover, even if the appeal to the Superior Court were considered on its merits, the UIAB Decision would be affirmed. The scope of review for any court considering a decision of the UIAB is whether the UIAB abused its discretion. Absent abuse of discretion the Court must uphold a decision of the UIAB.[4] An appellate review of a decision by the UIAB is limited to determining whether the UIAB's findings and conclusions are free from legal error and are supported by substantial evidence in the record.[5] The Court is satisfied that there is substantial evidence in the record sufficient to support the findings of the UIAB, and that such findings are free from legal error. Moreover, the UIAB did not abuse its discretion,

---

[2] *Draper King cole v. Malave*, 743 A.2d 672, 673 (Del. 1999).
[3] *Id.*
[4] *Funk v. Unemp't Ins. App. Bd.*, 591 A.2d 222, 225 (Del. 1991); *Dept. of Labor v. Medical Placement Services, Inc.*, 457 A.2d 382, 383 (Del. Super. 1982).
[5] *See PAL of Wilmington v. Graham*, 2008 WL 2582986, *3 (Del. Super. June 18, 2008).

nor did it act in an arbitrary or capricious manner in denying Claimant's further appeals.

## IV.  Conclusion

The Court has examined the record and has determined that Claimant did not file her appeal to the Superior Court within the time period allowed by law. Therefore, this appeal is dismissed for lack of jurisdiction.  Moreover, if Claimant's appeal to the Court were considered on the merits, the appeal must be dismissed.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**