IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KARLA SPANGLER,           :
                                :     C.A. No. K15A-10-002 WLW
             Appellant,      :     Kent County
                                :
      v.                        :
                                :
UNEMPLOYMENT INSURANCE  :
APPEAL BOARD,           :
                                :
             Appellee.       :

Submitted: January 4, 2016
Decided: March 23, 2016

**ORDER**

Upon Appellee's Motion to Dismiss.
*Granted.*

Karla Spangler, *pro se*

Paige J. Schmittinger, Esquire of Department of Justice, Wilmington, Delaware; attorney for Unemployment Insurance Appeal Board.

WITHAM, R.J.

*Karla Spangler v. UIAB*
C.A. No. K15A-10-002 WLW
March 23, 2016

Before the Court is Appellee the Unemployment Insurance Appeals Board's ("UIAB" or "Board") motion to dismiss the appeal of Appellant/Claimant Karla Spangler ("Spangler"). The Board claims the appeal is untimely and seeks dismissal pursuant to Superior Court Civil Rule 72(i).[1] Spangler has appealed a decision of the UIAB which affirmed a denial of benefits based on a determination that she was fired for good cause. The Court has reviewed the record in this matter and the parties' submissions. For the following reasons, the Board's motion to dismiss is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

Spangler was employed by ABM janitorial services until April 16, 2015, when she was discharged for allegedly sleeping on the job. Spangler filed a claim for unemployment insurance benefits. The Claims Deputy determined that ABM Janitorial had met their burden of showing there was willful or wonton misconduct on the part of Spangler and denied benefits. Spangler filed a timely appeal of the decision and a hearing was held before an Appeals Referee. The Referee also determined that Spangler had been discharged with just cause and was therefore disqualified from the receipt of benefits. Spangler next filed a timely appeal of the

---

[1] Super. Ct. Civ. R. 72(i) states in pertinent part :
> The Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate. . . .

*Karla Spangler v. UIAB*
C.A. No. K15A-10-002 WLW
March 23, 2016

Referee's decision.

On August 12, 2015, a hearing was held before the Board, and the Board affirmed the Referee's determination the Spangler was terminated for just cause. The Board's decision was mailed to Spangler on September 15, 2015, and became final on September 25, 2015. The statutory deadline for filing an appeal of the UIAB decision was Friday, October 9, 2015.[2] Spangler's appeal was filed with this Court on Monday, October 12, 2015. On January 4, 2016, the Board filed this motion to dismiss the appeal as untimely. On January 15, 2016, Spangler filed a response to this motion claiming that she was "told to watch and wait for the mail," and that when she didn't receive anything, she went to the Superior Court where she was told she "could file but that it was past the due date to file."

**STANDARD OF REVIEW**

---

[2] 19 *Del. C.* § 3323(a) states:

> Within 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court in the county in which the claimant resides or the employer's place of business is located against the Unemployment Insurance Appeal Board for the review of such decision, in which action any other party to the proceeding before the Unemployment Insurance Appeal Board shall be made a defendant.

"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation." Super. Ct. Civ. R. 6(a).

3

This Court reviews decisions by the Board to determine whether they are supported by substantial evidence and free from legal error.[3] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[4] This Court "does not weigh the evidence, determine questions of credibility or make its own factual findings."[5] It merely decides "if the evidence is legally adequate to support the agency's factual findings."[6] Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[7]

## DISCUSSION

An aggrieved party may secure judicial review of a decision of the UIAB by commencing an action in the Superior Court within ten days of the Board's decision becoming final.[8] "Failing to file an appeal within those ten days creates a jurisdictional defect that can only be excused by unusual circumstances attributable to court personnel, not the appellant."[9] Because the time for filing an appeal is an

---

[3] *Mathis v. Del. River and Bay Auth.*, 2012 WL 5288757, at *2 (Del. Super. Aug. 22, 2012).

[4] *Bradfield v. Unemployment Ins. Appeal Bd.*, 2012 WL 5462844, at *1 (Del. Super. Mar. 13, 2012) (quoting *Gorrell v. Div. of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. July 31, 1996)).

[5] *Annand v. Div. of Unemployment Ins. Appeal Bd.*, 2011 WL 2698620, at *1 (Del. Super. July 1, 2011) (quoting *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[6] *Bradfield*, 2012 WL 5462844, at *1 (quoting *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997)).

[7] *Annand*, 2011 WL 2698620, at *1.

[8] 19 *Del. C.* § 3323(a).

[9] *Ortiz v. Adecco USA, Inc.*, 2015 WL 5120986, at *1 (Del. Super. Aug. 11, 2015) (citing

express statutory condition of jurisdiction, it is both mandatory and dispositive.[10]

In addressing the Board's motion to dismiss, the only issues before the Court are those dealing with the timeliness of the appeal. Unless the Court finds that the appeal was filed in a timely manner, or that the untimely filing was due to court error, it lacks jurisdiction to consider the merits of the appeal.

Spangler states she was told to "watch and wait for the mail." The Court interprets this to mean that she was told to wait for the decision of the Board to be delivered via mail. The deadline for filing an appeal of the Board's decision was on Friday, October 9, 2015. On Monday, October 12, 2015, Spangler contacted the Superior Court to determine the status of her case. Unfortunately, giving grace for the interceding weekend, this inquiry was one day late. Although Spangler claims she was told by court personnel that she could still file even though the filing would be late, there is no allegation or showing that court personnel were in any way responsible for the late filing. Thus, there is no showing of court error. Without some assertion of court error, accompanied by substantive evidence supporting that assertion, the Court must find that the appeal was untimely. It simply is not within the Court's power to grant an extension.

## CONCLUSION

Based on the foregoing, the UIAB's motion to dismiss is **GRANTED**. IT IS SO ORDERED.

---

*Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999)).

[10] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003) (citing *Duncan v. Delaware Dep't of Labor*, 2002 WL 31160324, at *1 (Del. Super. 2002)).

*Karla Spangler v. UIAB*
C.A. No. K15A-10-002 WLW
March 23, 2016

                                     /s/ William L. Witham, Jr.
                                       Resident Judge

WLW/dmh