DRAPER KING COLE, Employer
Below, Appellant,

v.

Jose MALAVE, Claimant
Below, Appellee.

No. 34, 1999.

Supreme Court of Delaware.

Submitted: Sept. 28, 1999.
Decided: Oct. 25, 1999.
Rehearing Denied Jan. 14, 2000.

Nancy E. Chrissinger, Wilmington, for appellant.

John J. Schmittinger, William W. Pepper, Sr. (argued), Schmittinger, Rodriguez, P.A., Dover, for appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

HOLLAND, Justice:

This is an appeal by the employer-appellant, Draper King Cole from a final judgment of the Superior Court that affirmed the decision of the Industrial Accident Board. The Board's decision granted benefits to the claimant-appellee, Jose Malave, for the cost of wrist surgery that was necessitated by a compensable industrial injury and for the cost of surgically repairing a thoracic aneurysm, which was neither caused nor aggravated by the industrial injury.

The Superior Court concluded that there is substantial evidence in the record to support the Board's findings and that there was no error of law in the Board's disposition. Accordingly, the Superior Court affirmed the Board's decision to grant Malave compensation for the medical expenses to treat both injuries surgically, i.e., Smith's wrist and thoracic aneurysm. The parties have briefed and argued the merits of Draper's appeal.

*Jurisdictional Defect Dispositive*

During the course of supplemental briefing, following the oral argument before this Court, Malave moved to dismiss Draper's appeal on the basis of a jurisdictional defect in Draper's appeal to the Superior Court. Appeals to the Superior Court from the Industrial Accident Board are controlled by the Administrative Procedure Acts.[1] The applicable statute provides that "the appeal shall be filed within thirty days of the day the notice of the decision was mailed."[2]

In this case, the decision of the Industrial Accident Board is clearly marked "Date Mailed: 11/25/97." Draper's attorney acknowledges receipt of the Board's decision on December 3, 1997. Draper's appeal to the Superior Court was mailed on December 30, 1997 and docketed on December 31, 1997.

 The record reflects that Draper's appeal from the Industrial Accident Board's decision to the Superior Court was untimely. When a party fails to perfect an appeal within the period mandated by statute, a jurisdictional defect is created that may not be excused in the absence of unusual circumstances that are attributable to court personnel and are not attributable to the appellant or the appellant's attorney.[3] In this case, Draper's attorney knew on December 3 that the Board had mailed its decision on November 25 and does not attribute the untimely filing of the appeal to unusual circumstances involving the personnel of any court.[4]

 The timely filing of an appeal is mandatory and jurisdictional.[5] The appellate jurisdiction of a court cannot be invoked or properly exercised unless an appeal is perfected within the time period fixed by law.[6] Since the Superior Court was without jurisdiction to decide Draper's appeal, this Court is without jurisdiction to review the merits of the Superior Court's judgment.[7]

*Conclusion*

This appeal is dismissed for lack of jurisdiction. The matter is remanded to the Superior Court with directions to vacate its judgment on the merits. In the absence of a timely appeal, the decision of the Industrial Accident Board remains final.

**On Motion for Reargument**

Draper filed a motion for reargument. For the first time, Draper cited a sixty-year old decision by the Superior Court in *Gooden v. Mitchell*.[8] Malave has filed a three-part response to Draper's motion: first, *Gooden* is not binding upon this Court; second, *Gooden* is distinguishable; third, *Gooden* was superseded by the enactment of the Administrative Procedures Act.

In Gooden v. Mitchell, the Superior Court interpreted Section 6098 of the Revised Code of 1935 which provided, in part, that an award of the Industrial Accident Board becomes final "unless, within ten days after a copy thereof has been sent to the parties, either party appeals to the

1. *29 Del.C.* § 10161(8).

2. *29 Del.C.* § 10142(b) (emphasis added).

3. *Riggs v. Riggs,* Del.Supr., 539 A.2d 163 (1988).

4. *Id.*

5. *Carr v. State,* Del.Supr., 554 A.2d 778, 779 (1989), *accord Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

6. *Giordano v. Marta,* Del.Supr., 723 A.2d 833, 837 (1998); *Riggs v. Riggs,* Del.Supr., 539 A.2d 163 (1988).

7. *See Mansfield, C & L M Ry. Co. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

8. *Gooden v. Mitchell,* Del. Super., 19 A.2d 13 (1941).

Superior Court."[9] In construing that statute, the Superior Court considered a related statute controlling the manner in which Board decisions were to be transmitted to the parties. The latter statute provided that "each award of the Board shall be in writing ..., and a copy thereof shall either be served personally on or sent by registered mail to each of the parties in interest. ..."[10] The Superior Court harmonized these statutes by construing "sent to" in the former statute to mean "served on" in the latter statute, i.e., "receipt" even if the decision was mailed. These statutes are now found at *19 Del. C.* §§ 2348(a) and 2349.

Appeals to the Superior Court from the Industrial Accident Board are now controlled by the Administrative Procedures Act.[11] The stated purpose of the Administrative Procedures Act is to standardize the procedures and methods whereby certain state agencies exercise their statutory powers and to specify the manner and extent by which such agencies may be subject to judicial review.[12] This Court has described the Administrative Procedures Act as a "comprehensive revision of a particular subject" – state agency procedures—which has been promulgated and predicated upon "a [uniform] statewide system of administration," replacing previous non-uniform regulation.[13] Accordingly, this Court held that the Administrative Procedures Act "evidenced a legislative intent to implicitly repeal any conflicting provisions in the Code, non-conflicting provisions remaining in effect."[14]

The Administrative Procedures Act provide two ways for transmitting final orders to the parties: by mail or by personal delivery.[15] The Administrative Procedures Act provide only one time for appeals: "within thirty days of the day the notice of the decision was mailed."[16] Draper argues that the alternative delivery methods provided for in the Administrative Procedures Act should not have a different effect on the length of time within which such parties might appeal from an award of the Industrial Accident Board.[17]

According to Draper, a party served by mail should have the same amount of time to appeal as a party served personally. Draper submits the only way to effectuate that result is for this Court to adopt the *ratio decidendi* of the Superior Court in *Gooden v. Mitchell* and hold that the time for appeal always begin to run on the date of receipt. Then, regardless of the method used to deliver the decision of the Industrial Accident Board to an interested party, every party would be afforded the same amount of time to appeal.

Draper's argument must be addressed to the General Assembly. The unambiguous language in the Administrative Procedures Act provides that the time for appeal is calculated from the time of "mailing." Therefore, Draper's motion for reargument is denied.

---

**9.** *Id.* at 14.

**10.** 32 *Del. Laws*, c. 186 § 3.

**11.** 29 *Del. C.* § 10161(8).

**12.** 29 *Del. C.* § 10101.

**13.** *State, Department of Labor v. Minner*, Del. Supr., 448 A.2d 227 (1982).

**14.** *Id.* at 230.

**15.** 29 *Del. C.* § 10128.

**16.** 29 *Del. C.* § 10142(b).

**17.** *Gooden v. Mitchell*, Del. Super., 19 A.2d 13, 15 (1941).