IN THE SUPREME COURT OF THE STATE OF DELAWARE

KANESHIA JOHNSON, §
§
    Appellant Below, § No. 632, 2015
    Appellant, §
§ Court Below: Superior Court
    v. § of the State of Delaware
§
DELHAIZE AMERICA, LLC and § C.A. No. N15A-11-001
INDUSTRIAL ACCIDENT §
BOARD, §
§
    Appellees Below, §
    Appellees. §

Submitted: March 4, 2016
Decided: May 5, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 5th day of May 2016, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:

(1) The appellant, Kaneshia Johnson, filed this appeal from a November 18, 2015 Superior Court order dismissing her appeal of a November 13, 2014 decision of the Industrial Accident Board ("IAB") as untimely.[1] We find no merit to Johnson's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) This case arises from injuries Johnson suffered while she was employed by Food Lion, which is owned by the appellee, Delhaize America, LLC

---

[1] *Johnson v. Delhaize America, LLC*, 2015 WL 776473 (Del. Nov. 18, 2015).

("Employer"). In an order dated April 14, 2014, the Superior Court affirmed an August 9, 2013 decision of the IAB enforcing a settlement and commutation agreement ("Agreement") between Johnson and her former Employer. Johnson did not appeal the Superior Court's judgment.

(3) Despite the Superior Court's April 14, 2014 order, Johnson still refused to sign the commutation documents. The Employer filed another motion to enforce the Agreement. After a hearing on November 13, 2014, the UIAB granted the motion and executed an order approving the Agreement. On November 17, 2015, Johnson filed a notice of appeal from the IAB's November 13, 2014 order in the Superior Court. In the notice of appeal, Johnson stated that the time to appeal had passed because an audio transcript was sent to New York.

(4) On November 18, 2015, the Superior Court dismissed Johnson's appeal as untimely under Superior Court Civil Rule 72(i) and 19 *Del. C.* § 2349.[2] The Superior Court found that the sending of the audio transcript to New York was not a valid reason for Johnson's untimely appeal because the thirty-day time period to appeal ran from the mailing of the November 13, 2014 order.[3] This appeal followed. On appeal, Johnson mostly makes arguments unrelated to the untimely filing of her appeal, but appears to argue that her untimely appeal should be

---

[2] *Johnson*, 2015 WL 776473, at *2.
[3] *Id.*

2

excused because different case numbers appear on the IAB documents and transcripts of the IAB hearings were sent to New York.

(5)     We review the Superior Court's legal determination *de novo*.[4] As the Superior Court recognized, Rule 72 and Section 2349 govern the filing of an appeal from a decision of the IAB.  Under Rule 72, a party may appeal a board decision by filing a notice of appeal with the Prothonotary within the time prescribed by statute.[5]  Section 2349 provides that in the absence of fraud an IAB award is final unless a party files a notice of appeal to the Superior Court within thirty days of the day the notice of award was mailed to the parties.[6]   "The timely filing of an appeal is mandatory and jurisdictional."[7]

(6)     Johnson filed her notice of appeal almost one year after the IAB's November 13, 2014 order.  Johnson does not contend that the November 13, 2014 order was not mailed to the parties or that she filed her appeal within thirty days of the mailing of the November 13, 2014 order.  As to Johnson's explanations for her untimely appeal, the Superior Court correctly found that the sending of a transcript to New York did not excuse Johnson's delay because the time to appeal ran from the mailing of the IAB's November 13, 2014 order, not the transcript of the

---

[4] *CCS Investors, LLC v. Brown*, 977 A.2d 301, 319-20 (Del. 2009).
[5] Super. Ct. Civ. 72(b).
[6] 19 *Del. C.* § 2349.
[7] *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999) (dismissing appeal of IAB decision for lack of jurisdiction where appeal was filed more than thirty days after mailing of IAB decision).

3

November 13, 2014 IAB hearing.[8]  Johnson also fails to explain how different file numbers on IAB documents had any effect on her ability to file a timely notice of appeal from the November 13, 2014 order.  Although the Superior Court did not follow all of the procedures set forth in Rule 72 when it dismissed Johnson's appeal,[9] none of the reasons Johnson gave in her notice of appeal or the briefs in this Court for her untimely appeal excuse her failure to file a timely appeal of the IAB's November 13, 2014 order.  Having carefully reviewed the positions of the parties and the record on appeal, we conclude that the Superior Court did not err in dismissing Johnson's notice of appeal as untimely.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *Id.*

[9] Rule 72(i) provides that if the Superior Court determines *sua sponte* that an appeal should be dismissed, then the Prothonotary shall send a notice directing the appellant to show cause why the appeal should not be dismissed for the reasons stated in the notice.  After review of the response, the Superior Court may enter an order dismissing the appeal or maintaining jurisdiction.  Super. Ct. Civ. 72(i).  In this case, the Superior Court dismissed Johnson's notice of appeal, which did include an explanation for the lateness of the appeal, without the Prothonotary issuing a notice to show cause.

4