IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE PARKER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No. K21A-09-002 NEP |
| v. | ) | |
| | ) | |
| | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| HEALTH AND SOCIAL SERVICES, | ) | |
| AUDIT AND RECOVERY | ) | |
| MANAGEMENT SERVICES, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Submitted: October 18, 2021
Decided: November 3, 2021

***Upon Appellee's Motion to Dismiss Appeal Pursuant to
Superior Court Civil Rule 72(i)***
**GRANTED**

Before the Court is the motion of Defendant-Below/Appellee Delaware Health and Social Services, Audit and Recovery Management Services (hereinafter "Defendant") to dismiss the appeal of Plaintiff-Below/Appellant Stephanie Parker (hereinafter "Plaintiff") from the decision of the Court of Common Pleas (hereinafter the "CCP"). For the following reasons, Defendant's motion to dismiss is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On August 14, 2018, Defendant filed a debt collection action against Plaintiff in the Justice of the Peace Court (hereinafter the "JP Court") to recover an alleged overpayment of welfare benefits in the amount of $1,248.00. On October 5, 2018, the JP Court entered a default judgment in favor of Defendant.

2.     On April 8, 2021, Plaintiff filed in the CCP a notice of de novo appeal of the JP Court's order pursuant to CCP Civil Rule 72.3 (a).  On May 13, 2021, Defendant filed a motion to dismiss Plaintiff's appeal to the CCP as untimely.[1]  On August 23, 2021, the CCP granted Defendant's motion to dismiss.

3.     On September 16, 2021, Plaintiff filed an appeal to this Court from the CCP's order.  On September 27, 2021, Defendant filed a motion to dismiss Plaintiff's appeal to this Court as untimely.  On October 15, 2021, Plaintiff filed her response to Defendant's motion.

## DISCUSSION

4.     Superior Court Civil Rule 72(b) provides as follows:

> When an appeal is permitted by law, a party may appeal by filing a notice of appeal with the Prothonotary of the appropriate county within the time prescribed by statute.  **If no time is prescribed by statute, the notice of appeal shall be filed within 15 days from entry of the final judgment, order, or disposition from which an appeal is permitted by law.[2]**

Therefore, because the CCP's order was entered on August 23, 2021, Plaintiff had until September 7, 2021, to file her appeal with this Court.[3]  As noted *supra*, however, Plaintiff did not file her appeal until September 16, 2021.

5.     Superior Court Civil Rule 72(i) provides, in relevant part, "[t]he Court may order an appeal dismissed . . . upon a motion to dismiss by any party.  Dismissal may be ordered for untimely filing of an appeal . . . or for any other reason deemed by the Court to be appropriate."

---

[1] Pursuant to CCP Civil Rule 72.3(b), an appeal de novo from the JP Court to the CCP must be filed within 15 days from the entry of final judgment.

[2] Super. Ct. Civ. R. 72(b) (emphasis supplied).

[3] *See* Super. Ct. Civ. R. 6(a) (explaining that when period of time prescribed is greater than 11 days, intervening Saturdays, Sundays, and other legal holidays are not excluded in the computation).

6.      As the Delaware Supreme Court has observed, "the timely filing of an appeal is mandatory and jurisdictional," and the appellate jurisdiction of a court "cannot be invoked or properly exercised unless an appeal is perfected within the time period fixed by law."[4]  Furthermore, the jurisdictional defect created by an untimely appeal "may not be excused in the absence of unusual circumstances that are attributable to court personnel and are not attributable to the appellant or the appellant's attorney."[5]

7.      In this case, Plaintiff has failed to identify, either in her response to Defendant's motion or elsewhere, any unusual circumstances attributable to court personnel and not to herself[6] that would have prevented the timely filing of this appeal.  Accordingly, this Court has no jurisdiction over the appeal, and it must be dismissed.

**WHEREFORE**, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's appeal from the CCP is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*via File & ServeXpress and U.S. Mail*
oc:      Prothonotary
         Stephanie Parker
         Counsel of Record

---

[4] *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999).
[5] *Id.*
[6] Plaintiff is self-represented.

3