# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DANIEL FINK, DDS,         )
                                  )
     Appellant,           )
                                  )
     v.                  )    C.A. No. N21A-12-002 VLM
                                  )
DELAWARE BOARD OF    )
DENTISTRY AND DENTAL  )
HYGIENE,                 )
                                  )
     Appellee.            )

## ORDER

Submitted: February 15, 2022
Decided: February 16, 2022

*Upon Consideration of Appellee's Motion to Dismiss,*

## GRANTED.

Daniel Fink, D.D.S., *Pro Se*.

Zoe Plerhoples, Deputy Attorney General, Wilmington, Delaware. *Attorney for Appellee*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 16th day of February 2022, upon consideration of Appellee's Motion to Dismiss Appeal, Appellant's Response in Opposition, oral arguments, and the record in this case, **IT IS HEREBY ORDERED** that Appellee's Motion is **GRANTED** for the following reasons:

1.     This is an appeal from a decision of the Appellee Delaware Board of Dentistry and Dental Hygiene (the "Board") wherein it suspended Appellant Daniel Fink, D.D.S. ("Dr. Fink")'s license to practice dentistry in Delaware.

2.     Dr. Fink has held an active dental license in Delaware since 1993.[1]  He has been disciplined by the Board on one prior occasion.[2]  On April 1, 2021, a Delaware State Police officer found two loaded firearms, prescription drugs, illegal substances, and drug paraphernalia in Dr. Fink's vehicle following a traffic stop.[3] The stop resulted in both misdemeanor and felony charges.[4]

3.     Following the vehicle stop, the State filed a Motion for Emergency Suspension and an Amended Complaint with the Board.[5]  Dr. Fink initially requested an expedited hearing which he later withdrew.[6]  As a result, a hearing was required

---

[1] Exhibit to Appellee's Motion, Final Order, at 1.
[2] *See id.* (nine-month probation, monetary fine, and continuing education ordered in 2015).
[3] *Id.* at 2; Appellee's Motion to Dismiss Appeal Pursuant to Superior Court Civil Rule 72(i), D.I. 7, ¶ 2 (paragraph numbering is incorrect and all citations will be to the paragraphs as labeled in the Motion) [hereinafter Appellee's Motion].
[4] Exhibit to Appellee's Motion, Final Order, at 2 (charges are currently pending in the Superior Court).
[5] Appellee's Motion, ¶ 2.
[6] Exhibit to Appellee's Motion, Final Order, at 3.

to be held within sixty (60) days of the emergency suspension and during the pendency of his criminal charges. A Hearing Officer held a hearing on June 10, 2021[7] and subsequently recommended the Board find Dr. Fink violated 24 *Del. C.* § 1128(6),[8] Board Regulation 12.2.15,[9] and Board Regulation 12.2.17[10] and that his license should be suspended.[11]

4.　　After considering various materials, including the Hearing Officer's recommendation, a letter and statements from Dr. Fink, and two Board meetings, the Board issued a written order on November 1, 2021, ("Final Order").[12] Although the Board was bound by the recommendation of the Hearing Officer's findings of fact, the Board rejected the recommended discipline.

5.　　Instead of the recommended suspension, the Board crafted more lenient disciplinary action. The Board suspended Dr. Fink's dental license for five years but also called for an immediate stay of the suspension for five years of probation "upon his enrollment in the Delaware Professionals' Health Monitoring Program

---

[7] Dr. Fink appeared *pro se* and, due to pending criminal charges that formed the basis for the disciplinary action, he elected not to testify. The evidence presented (or not presented) is not relevant for purposes of this ruling that is procedural in nature.

[8] *See* 24 *Del. C.* § 1128(6) (providing grounds for discipline when a licensed dentist "[h]as violated a provision of this chapter or any regulation established thereunder.").

[9] *See* 24 Del. Admin. C. § 12.2.15 (Unprofessional conduct for "[p]racticing dentistry . . .when unfit to perform procedures and make decisions in accordance with the license held because of . . . dependence on alcohol or drugs.").

[10] *See* 24 Del. Admin. C. § 12.2.17 (Unprofessional conduct when possesses or obtains prescription drugs, "except as directed by a person authorized by law to prescribe drugs.").

[11] Exhibit to Appellee's Motion, Recommendation of Chief Hearing Officer, at 22–24.

[12] *See* Exhibit to Appellee's Motion, Final Order.

(DPHMP) within 30 days of the Board's Final Order."[13]  Failure to enroll in the DPHMP program within the 30 days would result in his immediate suspension.[14] The Board also required Dr. Fink to complete additional continuing education hours[15] and pay a fine.[16]

6.  The following day, on November 2, 2021, the Final Order was mailed to Dr. Fink.[17]

7.  On December 3, 2021, Dr. Fink filed his notice of appeal with this Court.  On December 23, 2021, the State filed this pending Motion to Dismiss.  Dr. Fink filed his response on February 4, 2022.  In its Letter filed with the Court on February 10, 2022, the State conceded that the Final Order was mailed on November 2, 2021, and Dr. Fink filed his notice of appeal with this Court on December 3, 2021.[18]  Oral arguments were held on February 15, 2022.  The matter is now ripe for review.

---

[13] *Id.* at 6, ¶ 2.
[14] *Id.*
[15] *Id.* at 6–7, ¶ 5.
[16] *Id.* at 7, ¶ 6.
[17] *See id.* at 7.
[18] *See* Appellee's Letter, D.I. 15.

8. The State contends that Dr. Fink's appeal must be dismissed under 29 *Del. C.* § 10142(b) and Delaware Superior Court Civil Rules 6(a) and 72(b).[19] Specifically, the State argues that Dr. Fink failed to file his appeal within the 30-day period required by statute and the rules of this Court.[20]

9. Dr. Fink argues the matter should not be dismissed because he filed within the 30-day deadline and was told by the Prothonotary that his filing was timely.[21] Specifically, he contends that the Board's Final Order was mailed on November 2, 2021, and his filing on December 3, 2021, was within the 30-day period because the Courts were closed for two days for the Thanksgiving holiday.[22] Dr. Fink is incorrect.

**Standard of Review**

10. Under Delaware Superior Court Civil Rule 72(i) "[t]he Court may order an appeal dismissed . . . for untimely filing of an appeal."[23] Our Supreme Court has found that "[t]he timely filing of an appeal is mandatory and jurisdictional" and an untimely filing "may not be excused in the absence of unusual circumstances that

---

[19] Appellee's Motion, ¶ 15.
[20] *Id.*
[21] Appellant's Response to Motion to Dismiss, at 1 [hereinafter Dr. Fink's Response].
[22] *Id.*
[23] DEL. SUPER. CT. CIV. R. 72(i).

are attributable to court personnel."[24]  "[T]he Court lacks jurisdiction to decide a direct appeal that is untimely, and jurisdictional defects cannot be waived."[25]  It is well established under Delaware case law that "barring extraordinary circumstances, 'procedural requirements are not relaxed for any type of litigant.'"[26]

## Discussion

11.    Under Superior Court Rule 72(b), an appeal of the Board's final decision may be taken "by filing a notice of appeal with the Prothonotary of the appropriate county within the time prescribed by statute."[27]  Delaware law provides that "[t]he appeal shall be filed within 30 days of the day the notice of the decision was mailed."[28]

12.    Superior Court Rule 6(a) provides instructions on the computation of "any period of time prescribed or allowed by these Rules, by order of court, or by

---

[24] *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999); *see also Yeager v. Fisher*, 258 A.3d 833 (Table), 2021 WL 3578626, at *1 (Del. 2021) (dismissing an incarcerated individual's appeal after finding the prison lockdown delaying his ability to file his appeal was not attributable to court personnel).

[25] *Cooper v. Del. Dep't of Health & Soc. Services, Div. of Long Term Care Residents Prot.*, 2018 WL 6333952, at *1 (Del. Super. Dec. 4, 2018).

[26] *See, e.g.*, *Wyatt v. Unemployment Ins. Appeals Bd.*, 2016 WL 552882, at *2 (Del. Super. Feb. 9, 2016) (quoting *McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036, at *1 (Del. Super. Sept. 4, 2001)).

[27] DEL. SUPER. CT. CIV. R. 72(b); *see also Johnson v. Delhaize America, LLC*, 2015 WL 7776473, at *1 (Del. Super. Nov. 18, 2015) (applying Rule 72(b) to an administrative agency decision).

[28] 29 *Del. C.* § 10142(b).

5

statute . . . ."[29]  The rule further provides that "the day of the act, event or default after which the designated period of time begins to run shall not be included."[30]

13.     In the Board's original filing seeking dismissal, it provided the Court with two incorrect dates, mainly the Board's date of mailing (incorrectly as November 1) and Dr. Fink's date of filing (incorrectly as December 7).  Dr. Fink Responded by aptly pointing out the correct dates, both critical to this Court's ruling.

14.     The first date is that the mailing date was November 2nd.  Delaware law provides that "[t]he appeal shall be filed within 30 days of the day the notice of the decision was mailed."[31]  Dr. Fink suggests that the Court's closure for the Thanksgiving holiday impacts the computation of time.[32]  He is incorrect.  Intermediate weekends or legal holidays are only excluded from the calculation when the prescribed period of time is less than eleven (11) days or when it falls on the last day of the period of time.[33]  Rule 6(a) states that such consideration is only made in limited circumstances not applicable here.[34]  Accordingly, the holidays do not count and the filing date was December 2, 2021.  Dr. Fink conceded that he filed

---

[29] DEL. SUPER. CT. CIV. R. 6(a).
[30] *Id.*
[31] 29 *Del. C.* § 10142(b).
[32] *See* Dr. Fink's Response ("Please note that the Courts were closed November 25 and 26, 2021 for the Thanksgiving holiday.").
[33] *See* DEL. SUPER. CT. CIV. R. 6(a).
[34] *See id.*

on December 3. Although only one day late, the Court determines it untimely, consistent with other courts and agencies.[35]

15. During oral arguments, after Dr. Fink was told he could not rely on the Thanksgiving holiday to explain the delay, the Court next explained that it needed to determine whether the one-day delay was "attributable to court personnel and [] not attributable to the appellant . . . ."[36] The Court asked Dr. Fink for a more detailed explanation[37] of what he was told by the Prothonotary at filing.[38]

16. Though not in his Response, Dr. Fink explained that he had hired an attorney for his appeal who later told him during the Thanksgiving holiday that he would no longer represent him. With the filing deadline looming, he stated he called and presented in-person to the courthouse on December 2[39] to understand how to file an appeal, and that it was at that time, he was told he had until December 3.

17. He further claims that he did not file when he first presented to the courthouse on December 2 because his documents "weren't ready in terms of

---

[35] *See Griffin v. Ramirez*, 2021 WL 5577261, at *1 (Del. Super. Nov. 30, 2021) (affirming Court of Common Pleas decision dismissing appeal of a *pro se* litigant filed one day late and stating *in dictum* that "[f]ailure to comply with [an appeal filing deadline] – even by one day – will result in dismissal."); *Wyatt*, 2016 WL 552882, at *2 (finding a *pro se* litigant's appeal from an agency decision which was late by only three days must still be dismissed as untimely).

[36] *Draper King Cole*, 743 A.2d at 673; *Yeager*, 258 A.3d 833 (Table), 2021 WL 3578626, at *1.

[37] Admittedly, the Court explained to Dr. Fink the importance of understanding whether the alleged representations of court personnel were made on or before the deadline of December 2, 2021.

[38] *See* Dr. Fink's Response ("At filing, on December 3, 2021, Appellant confirmed with Prothonotary that the 30-day deadline was not violated.").

[39] The Court notes that this explanation was offered during oral arguments, only after the Court explained that the filing deadline was December 2.

7

format" and that he spoke to the same court representative on both December 2 and 3, who told him he could file on December 3. He could not recall the name of the individual.

18. Although it sympathizes with Dr. Fink, the Court finds that his explanation for traveling to the courthouse on the day of the deadline and then waiting until the next day to file does not demonstrate "unusual circumstances that are attributable to court personnel"[40] nor does this Court find the existence of "extraordinary circumstances"[41] to permit this Court to relax the procedural requirements for him. His contention that he received incorrect information either on the filing deadline date or the day after is unavailing. Court personnel are prohibited from providing legal advice to litigants.[42]

19. Because this Court finds no error attributable to court-related personnel and Dr. Fink did not file his appeal within the 30-day deadline established in 29 *Del. C.* § 10142(b), the Court is bound by the jurisdictional constraints imposed by the statute.

---

[40] *See Draper King Cole*, 743 A.2d at 673.
[41] *See Wyatt*, 2016 WL 552882, at *2 (quoting *McGonigle v. George H. Burns, Inc.,* 2001 WL 1079036, at *1 (Del. Super. Sept. 4, 2001)).
[42] *See Owens v. Owens*, 116 A.3d 1244 (Table), 2015 WL 4137147, at *1 (Del. 2015).

## Conclusion

Dismissal, as requested by the State, must be granted as a matter of law. Neither the Thanksgiving holiday nor any claimed representations by Court personnel cures the jurisdictional defect.  For these reasons, therefore, Appellee's Motion to Dismiss is **GRANTED.**

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge