# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERICA G. BENSTON, a.k.a. ERICA G. JOHNSON,[1] | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | C.A. No: S22A-02-001 MHC |
| HERTRICH COLLISION CENTER OF SEAFORD and UNEMPLOYMENT INSURANCE APPEAL BOARD, | ) ) ) ) ) ) | |
| Appellees. | ) | |

## ORDER

Submitted: May 2, 2022
Decided: May 12, 2022

*Upon Consideration of an Appeal of a Decision of the Unemployment Insurance Appeal Board,*

**DISMISSED.**

Erica G. Benston, Selbyville, Delaware, *Pro Se Appellant.*

Victoria E. Groff, Esquire, Assistant Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Appellee the Unemployment Insurance Appeal Board.*

**CONNER, J.**

---

[1] The notice of appeal refers to Appellant as "Erica Gail Benston (Johnson)." Documents in the Unemployment Insurance Appeal Board record refer to Appellant as "Erica Gail Johnson."

This 12th day of May, 2022, it appears to the Court that:

1) On April 8, 2021, a Department of Labor Division of Unemployment Insurance Claims Deputy ("Claims Deputy") denied an unemployment benefits claim filed by Erica G. Benston a.k.a. Erica G. Johnson ("Benston").

2) On April 20, 2021, Benston filed an untimely appeal to a Department of Labor Division of Unemployment Insurance Appeals Referee ("Appeals Referee").[2] The Appeals Referee held a hearing on July 6, 2021, to determine whether Benston had good cause for filing a late appeal. Benston failed to appear at the hearing. That same day, the Appeals Referee dismissed Benston's appeal and affirmed the Claims Deputy's determination.

3) On July 19, 2021, Benston filed an untimely appeal to the Unemployment Insurance Appeal Board (the "Board").[3] On August 11, 2021, the Board held a hearing regarding Benston's appeal of the Appeals Referee's decision. On September 9, 2021, the Board denied further review of the untimely appeal and affirmed the decision of the Appeals Referee. The Board decision became final on September 19, 2021.

4) On February 4, 2022, Benston appealed to this Court.[4] On March 2, 2022, Appellee Hertrich Collision Center of Seaford, Benston's former

---

[2]. *See* 19 *Del. C.* 3318(b).
[3] *See* 19 *Del. C.* § 3318(c).
[4] *See* Super. Ct. Civ. R. 72.

employer, notified the Court that it will not be participating in the briefing schedule. On March 16, 2022, Benston filed an opening brief. On April 12, 2022, the Board filed an answering brief urging the Court to dismiss the appeal due to its untimeliness. On May 2, 2022, Benston notified the Court that she did not intend to file a reply brief.

5) The Court lacks jurisdiction to hear this appeal due to the untimely filing of the appeal to this Court, as well as Benston's failure to exhaust her administrative remedies.

6) Nineteen *Del. C.* § 3323(a) states in part that, "[w]ithin 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court . . . ."[5] Accordingly, Benston was required to file her appeal by September 29, 2021, which she failed to do. There is no indication that the lateness was caused by court personnel.[6]

7) Furthermore, the Court lacks jurisdiction due to Benston's failure to exhaust her administrative remedies. Under 19 *Del. C.* § 3322(a), this Court is prohibited from reviewing Board appeals when administrative remedies have

---

[5] 19 *Del. C.* § 3323(a).
[6] *Taylor v. Powell*, 115 A.3d 1216 (Del. 2015) (TABLE) ("Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered."); *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999).

not been exhausted.[7] By repeatedly failing to file a timely appeal below, and by failing to appear at the Appeals Referee hearing, Benston forfeited her right to appeal the merits of her case. Benston has not exhausted her administrative remedies, and thus the Court lacks jurisdiction over this matter.[8]

8) Under Superior Court Civil Rule 72(i), an appeal of a Board decision may be dismissed for reasons including the "untimely filing of an appeal,"[9] and the failure to exhaust administrative remedies.[10]

9) Accordingly, this matter is **DISMISSED** pursuant to Superior Court Civil Rule 72(i).

**IT IS SO ORDERED.**

/s/ Mark H. Conner

Mark H. Conner, Judge

cc: Prothonotary

---

[7] 19 *Del. C.* § 3322(a) states in relevant part that "judicial review . . . shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter."

[8] *Miller v. Hersha Hosp.*, 2013 WL 2296307, at *2 (Del. Super. Apr. 17, 2013); *see also Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1–2 (Del. Super. Apr. 27, 2001).

[9] *Id.* 72(i).

[10] *Supra* note 8.