# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEREMIAH DASHIELL | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N21A-12-006 VLM |
| | ) | |
| DIVISION OF UNEMPLOYMENT | ) | |
| INSURANCE and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | | |

## ORDER

Submitted: May 31, 2022
Decided: July 13, 2022

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*,

## DISMISSED.

Jeremiah Dashiell, *Pro Se*.

Victoria E. Groff, Assistant Attorney General, Wilmington, Delaware. *Attorney for Appellee Delaware Unemployment Insurance Appeal Board*.

Victoria W. Counihan, Deputy Attorney General, Wilmington, Delaware. *Attorney for Appellee Delaware Division of Unemployment Insurance*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 13th day of July 2022, upon consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board, Response in Opposition by Appellee Delaware Unemployment Insurance Appeal Board and Appellee Delaware Division of Unemployment Insurance, and the record in this case, **IT IS HEREBY ORDERED** that Appellant's Motion is **DISMISSED** for the following reasons:

1. This is an appeal from a decision of the Appellee Delaware Unemployment Insurance Appeal Board (the "Board") that dismissed Appellant Jeremiah Dashiell ("Appellant")'s appeal.

2. Appellant was employed full-time by Family Dollar from June 25, 2020, to December 19, 2020.[1] Appellant's employment ended when he resigned. During the October 25, 2021, hearing before the Appeals Referee, Appellant testified that he quit for two reasons: (1) sexual harassment by another employee; and (2) COVID-19 concerns.[2] The Appeals Referee affirmed the decision of the Claim's Deputy, finding Appellant "left his work without good cause attributable to his work" and was disqualified from receiving unemployment benefits under 19 *Del. C.* § 3314(1).[3]

3. Appellant appealed the Appeals Referee's decision to the Board on November 4, 2021.[4] Neither Appellant nor his employer appeared at the hearing held

---

[1] Record, Transcript of Appeals Referee Proceeding, at 39–40.
[2] *Id.* at 41–42.
[3] Record, Referee's Decision, at 31.
[4] Record, Appeal Request Notification, at 27.

before the Board on December 1, 2021[5] and the case was dismissed that same day.[6] The decision became final on December 11, 2021.[7]

4.      On December 29, 2021, Appellant filed his Notice of Appeal with this Court. Appellant's Opening Brief was filed on April 21, 2022. The State filed responses on May 3, 2022,[8] and May 4, 2022.[9] Appellant responded on May 25, 2022. This matter was assigned to this Court on May 31, 2022, and is now ripe for decision.

**Party Contentions**

5.      Appellant claims he should be awarded unemployment insurance benefits from the day he left his employment with Family Dollar to the present day. In support, he states that the Appeals Referee and the Board erred in their findings,[10] and did not "apply[] the true facts of Co-vid [sic] 19, sexual harassment, and [that he] quit voluntarily under duress and a pandemic . . . ."[11] Appellant asserts that any delays in filing his appeal are not his fault and attributable to delays caused by the United States Postal Service ("USPS") and COVID-19.[12] He also argues that counsel for the Board was not opposed to an extension for the briefing schedule.[13]

---

[5] *See* Record, Transcript of Proceeding Before Appeals Board Members, at 20–21.

[6] Record, Decision of the Appeal Board on Appeal from Decision of Michael McKernan, at 16.

[7] *Id.*

[8] Letter of Appellee Delaware Division of Unemployment Insurance, D.I. 14 [hereinafter Letter from the Division].

[9] Letter of Appellee Delaware Unemployment Insurance Appeal Board, D.I. 15 [hereinafter Letter from the Board].

[10] *See generally* Petitioner's Opening Brief, D.I. 13 [hereinafter Opening Brief].

[11] *Id.* at 2.

[12] Petitioner's Closing Brief, D.I. 16, at 1.

[13] *Id.*

6. The State contends that Appellant's appeal to this Court is untimely per 19 *Del. C.* § 3323(a)[14] and should be dismissed under Delaware Superior Court Civil Rules 12(h)(3) and 72(i).[15] In the alternative, the State maintains that because Appellant failed to appear at the Board hearing, this Court lacks jurisdiction to hear the appeal.[16]

### Standard of Review

7. Under Delaware Superior Court Civil Rule 72(i) "[t]he Court may order an appeal dismissed . . . for untimely filing of an appeal."[17] Our Supreme Court has found that "[t]he timely filing of an appeal is mandatory and jurisdictional" and an untimely filing "may not be excused in the absence of unusual circumstances that are attributable to court personnel."[18] "[T]he Court lacks jurisdiction to decide a direct appeal that is untimely, and jurisdictional defects cannot be waived."[19] It is well established under Delaware case law that "barring extraordinary circumstances, 'procedural requirements are not relaxed for any type of litigant.'"[20]

---

[14] Letter from the Board, at 1.

[15] *Id.* at 2.

[16] *Id.* at 3; *see also* Letter from the Division, at 2 (arguing that, as the moving party, Appellant had the burden of proof before the Board on appeal, which he failed to satisfy when he did not attend the hearing and therefore the Board's dismissal of his case was not improper).

[17] Del. Super. Ct. Civ. R. 72(i).

[18] *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999); *see also Yeager v. Fisher*, 258 A.3d 833, 2021 WL 3578626, at *1 (Del. 2021) (Table) (dismissing an incarcerated individual's appeal after finding the prison lockdown delaying his ability to file his appeal was not attributable to court personnel).

[19] *Cooper v. Del. Dep't of Health & Soc. Services, Div. of Long Term Care Residents Prot.*, 2018 WL 6333952, at *1 (Del. Super. Dec. 4, 2018).

[20] *See, e.g.*, *Wyatt v. Unemployment Ins. Appeals Bd.*, 2016 WL 552882, at *2 (Del. Super. Feb. 9, 2016) (quoting *McGonigle v. George H. Burns, Inc.,* 2001 WL 1079036, at *1 (Del. Super. Sept. 4, 2001)).

**Discussion**

8.      Under Superior Court Rule 72(b), an appeal of the Board's final decision may be taken "by filing a notice of appeal with the Prothonotary of the appropriate county within the time prescribed by statute."[21]  Delaware law provides that a party may appeal a decision of the Board "[w]ithin 10 days after the decision . . . has become final."[22]

9.      The Board's decision became final on December 11, 2021.[23]  The Board properly gave notice to Appellant of his right to appeal within ten days under 19 *Del. C.* § 3323(a) when it dismissed his claim.[24]  Computation of the allotted time in which to file the appeal is provided under Superior Court Rule 6(a).[25]

10.     Because the prescribed time is less than eleven days, December 24, 2021, December 31, 2021, and weekends do not count towards the computation.[26] Accordingly, under Rule 6(a), Appellant's Notice of Appeal had to be filed by

---

[21] Del. Super. Ct. Civ. R. 72(b); *see also Johnson v. Delhaize America, LLC*, 2015 WL 7776473, at \*1 (Del. Super. Nov. 18, 2015) (applying Rule 72(b) to an administrative agency decision).
[22] 19 *Del. C.* § 3323(a).
[23] *See* Record, Decision of the Appeal Board on Appeal from Decision of Michael McKernan, at 16.  Appellant's Opening Brief incorrectly lists December 21, 2021, as the date the Board "entered its decision." *See* Opening Brief, at 2.
[24] *See* Record, Decision of the Appeal Board on Appeal from Decision of Michael McKernan, at 16–18.
[25] The Rule provides instructions on the computation of "any period of time prescribed or allowed by these Rules, by order of court, or by statute…."  The rule further provides that "the day of the act, event or default after which the designated period of time begins to run shall not be included."  And "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation." *See* Del. Super. Ct. Civ. R. 6(a).
[26] *See id.*; 19 *Del. C.* § 3323(a).

December 27, 2021,[27] but was not filed until December 29, 2021.[28] Appellant missed the filing deadline by two days.

11. Appellant's assertions related to COVID-19 or the USPS fail to establish that his delay was due to unusual circumstances that were attributable to court personnel.[29] Appellant did not file his appeal within the ten day deadline established under 19 *Del. C.* § 3323(a), and the Court is bound by the jurisdictional constraints imposed by the statute[30] and must dismiss his appeal under Delaware Superior Court Civil Rule 72(i). The Court cannot consider the remaining arguments.

## Conclusion

Appellant's Appeal must be dismissed as a matter of law. Neither the legal holidays nor any claimed delays caused by the USPS or COVID-19 cures the jurisdictional defect. For these reasons, Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board is **DISMISSED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[27] The State incorrectly asserts the deadline to file was December 21, 2021, due to an error in calculation under Del. Super. Ct. Civ. R. 6(a) and not accounting for weekends and legal holidays. *See* Letter from the Board, at 2.
[28] *See* Notice of Appeal, D.I. 1.
[29] *See Draper King Cole*, 743 A.2d at 673.
[30] Appellant's assertion that counsel did not oppose additional time for briefing is immaterial. The date at issue is the date the Notice of Appeal was filed, not the later briefings.